TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00366-CV







Hays County Water Planning Partnership and Erin Foster
, Appellants


v.



Hays County, Texas, Appellee





FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. 99-0898, HONORABLE CHARLES E. (CHUCK) MILLER, JR., JUDGE PRESIDING






 Appellants Hays County Water Planning Partnership, a political and environmental
group of Hays County taxpayers concerned about real estate development in Hays County, and
Erin Foster, its chairman, (together "HCWPP") appeal from the district court's summary judgment
in favor of appellee, Hays County, Texas. We will reverse the district court's summary judgment
and remand the case to that court.


FACTUAL AND PROCEDURAL BACKGROUND

 This case arises from a Hays County Commissioners Court meeting in the fall of
1999. HCWPP describes the atmosphere surrounding development in Hays County at that time
as "heated." Hays County describes HCWPP as "aggressive," "disruptive," "vehemently oppose[d]
to the 'wrong' kind of development in Hays County," and a body whose members have made
"spiteful personal attacks on individual [Hays County C]ommissioners."

 Before its October 26, 1999 meeting, the Hays County Commissioners Court posted
a meeting agenda. See Tex. Gov't Code Ann. § 551.041 (West 1994). Under the general heading
"Proclamations & Presentations," the agenda listed item four as "Presentation by Commissioner
Russ Molenaar." Molenaar is a Hays County Commissioner. He is described in the record as
having "grown tired of being used as a punching bag without an opportunity to speak in defense
of his integrity" and he "wished to respond to these repeated accusations [of HCWPP] by offering
his individual point of view, by defending himself, as well as county employees and other
members of the Commissioners' Court, and by extolling their successes and accomplishments." 
Molenaar notified Hays County's special counsel regarding the subject matter of his planned
presentation. Counsel determined the phrasing of the agenda item for the posted notice.(1)

 Molenaar spoke at the meeting. The minutes of the meeting reflect the following
heading of Molenaar's presentation: "Presentation by Molenaar regarding Proposed 2026
Transportation Plan" and summarize his comments as follows: 


Commissioner Molenaar spoke of being pro-active instead of re-active. He spoke
of areas in the county where developers have bought property to be developed. He
stated that he had suggested connecting SH45 to FM150 & FM967 because of the
possible development in this area and he wanted the developers to help pay for road
improvements. He never suggested connecting the proposed roadways to Mopac
(Loop 1). He spoke of some of the brochures being distributed that are incorrect
and misleading. The object of the plan was to accommodate the CAMPOS plan. 
Some of the proposed roadways will not happen if development does not occur in
the area. He spoke of [the] need to upgrade some of the existing roadways. He
wants to be pro-active and not re-active to the situation. The Commissioners'
Court has to make tough decisions like this. He stated that he does not do "sweet
heart deals" and "backdoor deals". He spoke of statements that our employees,
department heads, and elected officials are sorry. He commended those
employees, department heads, and elected officials. Some employees [are] leaving
because they are being offered more for employment elsewhere. He stated that we
have some of the finest elected officials, dept. heads, and employees and they work
hard for this county. He spoke of [the] area to be serviced by the proposed LCRA
water line. He spoke of meeting with various officials and entities to see what
could be done to have quality development. He spoke of conversations with Texas
Parks & Wildlife and they indicated that a plan was needed. We have 2 years to
get this water into Hays County or it will be gone. (to be run down FM290). He
spoke of TNRCC regulations that will allow acreage less than 5 acres. He spoke
of the court working on creating greenbelt areas in new developments. He spoke
of efforts to get water service to subdivisions in the Dripping Springs area. He
spoke of [the] number of roads that were improved for $20 million with 75% of the
road projects completed. He spoke of his commitment to pave the roads in his
precinct.


 No questions were asked of Molenaar and no discussion of the issues brought up
by Molenaar appears to have taken place. No formal action was taken at the meeting regarding
development or roadways in Hays County. The record is silent as to whether action was taken at
any later meeting of the commissioners court.

 HCWPP sued Hays County for mandamus, injunctive, and declaratory relief for
violations of the Texas Open Meetings Act.(2) See Tex. Gov't Code Ann. §§ 551.041, .141, .142
(West 1994); Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (West 1997 & Supp. 2001). 
Both sides filed motions for summary judgment. The district court granted Hays County's motion
and denied HCWPP's.

 By one issue, HCWPP appeals the district court's summary judgment on the
grounds that Hays County's notice failed to satisfy the Open Meetings Act, and no exception to
the act covers Molenaar's presentation nor does the First Amendment provide such an exception. 
See U.S. Const. amend. I.


DISCUSSION

Standing

 Hays County initially responds to HCWPP's appeal by arguing that HCWPP lacks
standing to sue under the Open Meetings Act. Although the Open Meetings Act allows an
"interested person" to bring an action to correct a violation of the act, see Tex. Gov't Code Ann.
§ 551.142(a), Hays County contends that HCWPP failed to present any evidence that its members
were affected other than as members of the general public. See City of Abilene v. Shackelford,
572 S.W.2d 742, 745-46 (Tex. Civ. App.--Eastland 1978), rev'd on other grounds, 585 S.W.2d
665 (Tex. 1979). In keeping with the purpose of the act, standing under the Open Meetings Act
is interpreted broadly. See Cox Enters., Inc. v. Board of Trustees of the Austin ISD, 706 S.W.2d
956, 960 (Tex. 1986); Save Our Springs Alliance, Inc. v. Lowry, 934 S.W.2d 161, 162 (Tex.
App.--Austin 1996, orig. proceeding [leave overruled]); City of Fort Worth v. Groves, 746
S.W.2d 907, 912-13 (Tex. App.--Fort Worth 1988, no writ); Cameron County Good Gov't
League v. Ramon, 619 S.W.2d 224, 230-31 (Tex. Civ. App.--Beaumont 1981, writ ref'd n.r.e.).

 This Court addressed the issue of standing for Open Meetings Act purposes in Save
Our Springs, holding that both an alliance of interested citizens and one individual living in the
affected area had standing under the Open Meetings Act. Save Our Springs, 934 S.W.2d at 163. 
We rejected a claim similar to that now made by Hays County--that the individual did not have
standing because she failed to show how she was affected differently from other citizens--because
"the interest protected by the Open Meetings Act is the interest of the general public." Id.

 HCWPP states that it "is a non-profit group of interested citizens dedicated to
protecting water quality and the quality of life in and around Hays County. Individual members
of HCWPP live in Hays County, enjoy the natural resources of the region, and are adversely
affected by defendant's conduct." There is no evidence to the contrary. We see no difference
between HCWPP and the citizens organization in Save Our Springs. See id.

 Hays County argues that the standard for associational standing articulated in Texas
Ass'n of Business v. Texas Air Control Board, 852 S.W.2d 440, 447 (Tex. 1993), should be
applied to standing under the Open Meetings Act. Texas Ass'n of Business involved a declaratory
judgment action brought by an association on behalf of its members. The supreme court held that
the following requirements must be satisfied for a group to have standing to sue: (1) its members
have standing to sue in their own right; (2) the interests it seeks to protect are germane to the
organization's purpose; and (3) neither the claim asserted nor the relief requested requires the
participation of individual members in the lawsuit. Id. at 447-48 (citing Hunt v. Washington State
Apple Adver. Comm'n, 432 U.S. 333, 343 (1977), and incorporating standing analysis adopted in
Board of Water Eng'rs v. City of San Antonio, 283 S.W.2d 722, 724 (Tex. 1955)). HCWPP
satisfies those requirements.

 We hold that HCWPP has standing to bring this suit alleging Open Meetings Act
violations by the Hays County Commissioners Court.


Texas Open Meetings Act

 In their motions for summary judgment, both HCWPP and Hays County asserted 
a right to judgment as a matter of law. Because the propriety of summary judgment in this case
is a question of law, we review the trial court's decision de novo. See McCarthy Bros. Co. v.
Continental Lloyds Ins. Co., 7 S.W.3d 725, 728 (Tex. App.--Austin 1999, no pet.); Rylander v.
3 Beall Bros. 3, Inc., 2 S.W.3d 562, 566 (Tex. App.--Austin 1999, pet. denied). When both sides
move for summary judgment and the trial court grants one motion and denies the other, we review
the summary-judgment proof presented by both sides and determine all questions presented. 
Commissioners Court v. Agan, 940 S.W.2d 77, 81 (Tex. 1997). If we find error, we must render
the judgment the trial court should have rendered. Id.

 HCWPP contends Hays County violated the Open Meetings Act. Statutory
construction is a question of law. Johnson v. City of Fort Worth, 774 S.W.2d 653, 656 (Tex.
1989). The resolution of an issue of statutory construction must begin with an analysis of the
statute. Cail v. Service Motors, Inc., 660 S.W.2d 814, 815 (Tex. 1983). If the disputed statute
is clear and unambiguous, courts should give the statute its common meaning. Id.


A. Adequate Notice

 The Open Meetings Act was enacted in 1967 for the purpose of "assuring that the
public has the opportunity to be informed concerning the transactions of public business." Act of
May 8, 1967, 60th Leg., R.S., ch. 271, § 7, 1967 Tex. Gen. Laws 597, 598. The Open Meetings
Act requires that governmental bodies give written notice of the subject of each meeting held. 
Tex. Gov't Code Ann. § 551.041. HCWPP claims the posting, "Presentation by Commissioner
Russ Molenaar," was "insufficient to provide full and adequate notice of the subject matter to be
discussed" at the meeting and was but a "vague agenda item," inadequate in notifying the public
of the "very detailed consideration of the precise roads and infrastructure that [Commissioner
Molenaar] wanted to see constructed to permit real estate development in Hays County, which was
and is a very important issue in the county."

 The Open Meetings Act states that a "governmental body shall give written notice
of the date, hour, place, and subject of each meeting held by the governmental body." Id. The
supreme court has previously dealt with the Open Meetings Act's notice requirements.(3) E.g., City
of San Antonio v. Fourth Court of Appeals, 820 S.W.2d 762 (Tex. 1991); Cox Enters., 706
S.W.2d 956; Texas Turnpike Auth. v. City of Fort Worth, 554 S.W.2d 675 (Tex. 1977); Lower
Colo. River Auth. v. City of San Marcos, 523 S.W.2d 641 (Tex. 1975). A brief summary of these
decisions is helpful.

 In Lower Colorado River Authority, the challenged notice stated that the board of
directors of the Lower Colorado River Authority would consider "the ratification of the prior
action of the Board taken on October 19, 1972, in response to changes in electric power rates for
electric power sold within the boundaries of the City of San Marcos, Texas." Lower Colo. River
Auth., 523 S.W.2d at 646. Conceding the notice was "not as clear as it might be," the court
nevertheless held that the notice was adequate because "it would alert a reader to the fact that some
action would be considered with respect to charges for electric power sold in San Marcos." Id.

 Two years later, in Texas Turnpike Authority, the court considered the notice for
a meeting of the board of directors of the Texas Turnpike Authority at which a resolution was
passed to enlarge the Dallas-Fort Worth Turnpike. Texas Turnpike Auth., 554 S.W.2d at 676. 
The notice stated the board would "[c]onsider request . . . to determine feasibility of a bond issue
to expand and enlarge the Dallas-Fort Worth Turnpike." Id. The City asserted the notice should
have stated that this course of action was contrary to the board's prior declaration of its intention
to make the Turnpike a free road. The court upheld the notice, pointing out that "[t]here is no
necessity to post copies of proposed resolutions or to state all of the consequences which may
necessarily flow from the consideration of the subject stated." Id.

 In Cox Enterprises, the board of trustees of a school district posted notices of their
closed executive sessions that listed only general topics such as "personnel," "litigation," and "real
estate matters." Cox Enters., 706 S.W.2d at 957. The court concluded that the "advance notice
given under [the Open Meetings Act] should specifically disclose the subjects to be considered at
the upcoming meeting." Id. at 959. The court held that the board "did not provide full and
adequate notice, particularly where the subject slated for discussion was one of special interest to
the public." Id.

 In City of San Antonio, a citizen challenged the city's condemnation of his land on
the grounds that the city's posting did not describe the particular land to be condemned. The
notice posted prior to the city council meeting stated that the city would address an ordinance
"determining the necessity for and authorizing the condemnation of certain property in County
Blocks 4180, 4181, 4188, and 4297 in Southwest Bexar County for the construction of the
Applewhite Water Supply Project." The court held the city "could have given more particularized 
notice," but this notice was "sufficient to ensure that a reader was given adequate notice of the
proposed governmental action." City of San Antonio, 820 S.W.2d at 765-66.

 Given the supreme court's treatment of advance notice to the public of the issues
to be addressed or presented by a governmental body, Hays County's notice is inadequate. The
notices that the supreme court held to be sufficiently descriptive alerted readers to the particular
issue the governing bodies would address--changes in electric power rates, the enlargement of the
Dallas-Fort Worth Turnpike, and condemnation of land located in a specific area of Bexar County. 
Indeed, even the notice that the supreme court held to be inadequate was more descriptive than the
one at issue here; "personnel," "litigation," and "real estate matters" as broad topics to be discussed
are more specific than Molenaar's "presentation." "Presentation" is a vague description. There
is nothing in the posting that would give a resident of Hays County any inkling of the substance
of Molenaar's proposed presentation.

 Although the court held in City of San Antonio that the notice at issue was
"insufficient to inform the individual landowners that their particular tracts of land were the subject
of the proposed condemnation ordinance," it was adequate to achieve the act's "core purposes." 
Id. "The intended beneficiaries of the [Open Meetings] Act are not individual citizens, such as the
particular landowners affected by this condemnation, but members of the interested public. If a
'reader' is given notice, the requirement of the Act is satisfied and its purpose served." Id. 
Again, the county's use of "presentation" fails to inform a reader as a member of the interested
public, not just HCWPP, of the topics to be addressed by Molenaar.

 Furthermore, Molenaar's presentation was noticed for and did occur during the
"Proclamations & Presentations" portion of the meeting. The other matters noticed for this
segment of the meeting were mere formalities--New Employee Introductions, Employee
Recognition, and the Declaration of Red Ribbon Week in the county. The juxtaposition of
Molenaar's presentation with these items gives no indication to any reader that Molenaar would
make comments about substantive policy issues of great importance to the county. See id. at 765.

 Finally, we find instructive a recent opinion of the attorney general concerning
notice. See Op. Tex. Att'y Gen. No. JC-0169 (2000). The opinion request asked "whether a
governmental body may permit members of the public to offer comments at public meetings
regarding matters not specified in the posted meeting notice." Id. The attorney general concluded
that "public comment" as a broad designation for an open session of unsolicited citizen comments
and questions satisfied the Open Meetings Act so long as the governmental body did not know in
advance the content of the comments. Id. "We caution that the use of 'public comment' or similar
term will not provide adequate notice if the governmental body is, prior to the meeting aware, or
reasonably should have been aware, of specific topics to be raised." Id. (citing Cox Enters., 706
S.W.2d 956). In addition, the relationship the governmental body has with its employees differs
from the relationship it has with citizens; "it knows or can learn in advance the subject matter of
reports or briefings by employees, consultants, [or] auditors . . . . Thus, there are no particular
difficulties in providing notice of the subject matter of such presentations." Op. Tex. Att'y Gen.
No. JC-0169. Certainly, the same may be said of comments by members of the governmental
body itself.

 The attorney general's comments are persuasive. The commissioners court was
surely aware of the contents of Molenaar's presentation before the agenda for the October 26
meeting was prepared; therefore, the posting could and should have identified in more detail the
topics that Molenaar would address. We hold that the notice provided by Hays County was
insufficient to satisfy the Open Meetings Act.


B. Statutory Exception 

 Hays County argues that Molenaar's presentation was exempted from the Open
Meetings Act notice requirements. See Tex. Gov't Code Ann. § 551.042 (West 1994). The
county contends that section 551.042 "acknowledges that public comments will arise at meetings,
and provides that notice is not required so long as the governmental body does no more than recite
existing fact or policy." Section 551.042 provides: 


(a) If, at a meeting of a governmental body, a member of the public or of the
governmental body inquires about a subject for which notice has not been
given as required by this subchapter, the notice provisions of this subchapter
do not apply to:


 (1) a statement of specific factual information given in response to the
inquiry; or 


 (2) a recitation of existing policy in response to the inquiry.


Id. (emphasis added).

 There is a broad scope to the coverage of the Open Meetings Act and a narrowness
to its few exceptions. Acker v. Texas Water Comm'n, 790 S.W.2d 299, 300 (Tex. 1990). Section
551.042 is clear and unambiguous and relates to "inquiries" from members of the public or the
governmental body. Tex. Gov't Code Ann. § 551.042; see also Op. Tex. Att'y Gen. No. JC-0169. Its purpose is to authorize a governmental body to make a limited response to an inquiry
about a subject not included in the posted notice while preventing "deliberation" or making a
"decision" about the subject matter of the inquiry. See Op. Tex. Att'y Gen. No. JC-0169. 
Molenaar was not responding to an inquiry by either a member of the public or a colleague on the
commissioners court. We hold that section 551.042 does not exempt Molenaar's presentation
from the requirements of the Open Meetings Act.


C. Free Speech

 Hays County seeks to avoid the Open Meetings Act's requirements by asserting that
Molenaar's speech was protected by the First Amendment. See U.S. Const. amend. I. The First
Amendment prohibits government from "abridging the freedom of speech." Id. The district court,
in stating the reasons for his judgment, found that "the subject matter of Commissioner Molenaar's
'presentation' was a matter of public concern. As such it is protected First Amendment speech." 
In reaching such conclusion, the district court relied on Connick v. Myers, 461 U.S. 138, 147
(1983), and Kirkland v. Northside Independent School District, 890 F.2d 794, 798 (5th Cir. 1989). 
Hays County, citing Pickering v. Board of Education, 391 U.S. 563 (1968), additionally posits,
"An elected official does not give up his right to free speech merely by virtue of his office." 
Although we do not find such broad language in Pickering, we have no quarrel with either the
district court's or Hays County's worry that the constitutional right of an elected official, as a
private citizen, to speak out on matters of public concern not be abridged.

 However, we see no restriction of the right of free speech by the necessity of a
public official's compliance with the Open Meetings Act when the official seeks to exercise that
right at a meeting of the public body of which he is a member. The meeting agenda reflected there
would be a presentation by Commissioner Molenaar during the proclamations-and-presentations
portion of the meeting. Molenaar was not scheduled and did not make his presentation during the
period of the meeting set aside for "Public Comments," a time when "3- minute comments will be
taken from the audience." Molenaar's remarks, as summarized in the minutes of the meeting,
addressed the responsibilities and efforts of the Hays County Commissioners Court, of which he
is a member, with regard to growth, transportation, and water issues.

 Connick and Pickering both involved situations where an employee of a
governmental body was discharged for speaking against his employer. See Connick, 468 U.S. at
141; Pickering, 391 U.S. at 564. In Kirkland, a teacher's contract was not renewed because he
taught from a reading list other than that provided by his school. See Kirkland, 890 F.2d at 795. 
These cases are distinguishable from the one before this Court. This case does not involve an
employment decision. Molenaar is not an employee of the commissioners court; he is an elected
county commissioner. He suffered no sanction or penalty by virtue of his speech and would have
suffered none had the agenda fully disclosed the topics on which he would speak. The Open
Meetings Act may not, and does not, restrict or abridge protected speech. The problem with
Molenaar's remarks is not that he could not make them at all, but rather the location and timing
of his comments.

 That Molenaar addressed matters of public concern is without dispute. However,
to the extent that Connick, Pickering, and Kirkland may apply to elected officials as opposed to
government employees, we hold that the cases are inapplicable because, in the context in which
they were made, Molenaar's remarks were not those of a private citizen but of an elected official. 
In these circumstances, requiring compliance with the Open Meetings Act does not violate the
First Amendment.


Relief

 Hays County contends HCWPP has not alleged a cause of action upon which relief
can be granted because Molenaar's presentation "was not a deliberation or act of the
Commissioner's Court, and no action was taken under this posted item that can be undone." The
county further reasons, "If no action is taken at a meeting that violates the [Open Meetings A]ct,
there is nothing to render void. If there is no threatened future violation or established pattern of
violations, there is nothing to enjoin." Following Molenaar's remarks, no questions were asked
by the public attendees of the meeting, and the other commissioners did not discuss, debate,
question, comment on, or take action as a result of the presentation. HCWPP does not allege that
the commissioners court took any action as a consequence of Molenaar's presentation.

 HCWPP filed suit against Hays County seeking "appropriate mandamus, injunctive,
and/or declaratory relief, requiring that any and all improperly posted and/or illegal discussions,
deliberations, and/or actions taken at the October 26, 1999, meeting of [the Hays County]
Commissioners' Court be declared void, made properly public and open, and/or requiring the
disclosure to the public of all discussions or deliberations of this item at a properly convened
public meeting." HCWPP also seeks attorney's fees, costs, pre- and post-judgment interest, and
any additional relief deemed proper by the district court. Because the district court ruled in favor
of Hays County, the court conducted no hearing on the relief that might be available to HCWPP.(4)

 The Open Meetings Act provides that actions taken by a governmental body in
violation of the act are voidable. Tex. Gov't Code Ann. § 551.141. The act also provides for
mandamus or injunctive relief "to stop, prevent, or reverse a violation or threatened violation of
[the act] by members of a governmental body." Id. § 551.142(a).(5) The act "is intended to
safeguard the public's interest in knowing the workings of its governmental bodies." Cox Enters.,
706 S.W.2d at 960.

 Hays County's argument--essentially "no harm; no foul"--is facially tempting. In
its support, the county directs us to Hill v. Palestine Independent School District, No. 12-00-101-CV, slip op. (Tex. App.--Tyler Nov. 22, 2000, pet. filed), Markowski v. City of Marlin, 940
S.W.2d 720 (Tex. App.--Waco 1997, writ denied), and United Independent School District v.
Gonzalez, 911 S.W.2d 118 (Tex. App.--San Antonio 1995), writ denied, 940 S.W.2d 593 (Tex.
1996) (per curiam). Although also factually distinguishable from the present case, neither Hill,
Markowski, nor Gonzalez address the remedies potentially available to a successful plaintiff set
forth in section 551.142. See Tex. Gov't Code Ann. § 551.142. It is not enough to say that
because the commissioners court took no action following Molenaar's presentation, there has been
no harm to the public, and the district court cannot, therefore, order a remedial remedy. Such a
holding would ignore the public's interest as expressed by the supreme court in Cox Enterprises. 
See Cox Enters., 706 S.W.2d at 960. Therefore, we decline to hold as a matter of law that there
is no remedy available to HCWPP.

 The district court, having ruled that Hays County did not violate the Open Meetings
Act, did not consider what, if any, remedy might be available to HCWPP. We will remand this
case to the district court for further proceedings in this regard. In so doing, we express no opinion
concerning the relief to which HCWPP may be entitled.


CONCLUSION

 We hold that Hays County did violate the Open Meetings Act in its posting prior
to its October 26, 1999 meeting and thus sustain HCWPP's issue and remand this cause to the
district court for further proceedings not inconsistent with this opinion.



 

 Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Powers.*

Reversed and Remanded

Filed: February 15, 2001

Publish





* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).

1. Although HCWPP alleges that the posting was "intentionally misleading," there is no
evidence in the record indicating an intention on the part of either Molenaar or the commissioners
court to deceive members of the public, including HCWPP.
2. HCWPP's suit also complains of Open Meetings Act violations in connection with an earlier
meeting. HCWPP only appeals the ruling on the October 26 meeting. 
3. Though the Open Meetings Act has been modified, its notice provisions have not
substantively changed. We will refer to the current statute for convenience.
4. The district court, however, specifically refused to award attorney's fees to either party.
5. The Open Meetings Act also provides for penalties that are inapplicable here. See Tex.
Gov't Code Ann. §§ 551.143-.146 (West 1994 & Supp. 2001).


on as a consequence of Molenaar's presentation.

 HCWPP filed suit against Hays County seeking "appropriate mandamus, injunctive,
and/or declaratory relief, requiring that any and all improperly posted and/or illegal discussions,
deliberations, and/or actions taken at the October 26, 1999, meeting of [the Hays County]
Commissioners' Court be declared void, made properly public and open, and/or requiring the
disclosure to the public of all discussions or deliberations of this item at a properly convened
public meeting." HCWPP also seeks attorney's fees, costs, pre- and post-judgment interest, and
any additional relief deemed proper by the district court. Because the district court ruled in favor
of Hays County, the court conducted no hearing on the relief that might be available to HCWPP.(4)

 The Open Meetings Act provides that actions taken by a governmental body in
violation of the act are voidable. Tex. Gov't Code Ann. § 551.141. The act also provides for
mandamus or injunctive relief "to stop, prevent, or reverse a violation or threatened violation of
[the act] by members of a governmental body." Id. § 551.142(a).(5) The act "is intended to
safeguard the public's interest in knowing the workings of its governmental bodies." Cox Enters.,
706 S.W.2d at 960.

 Hays County's argument--essentially "no harm; no foul"--is facially tempting. In
its support, the county directs us to Hill v. Palestine Independent School District, No. 12-00-101-CV, slip op. (Tex. App.--Tyler Nov. 22, 2000, pet. filed), Markowski v. City of Marlin, 940
S.W.2d 720 (Tex. App.--Waco 1997, writ denied), and United Independent School District v.
Gonzalez, 911 S.W.2d 118 (Tex. App.--San Antonio 1995), writ denied, 940 S.W.2d 593 (Tex.
1996) (per curiam). Although also factually distinguishable from the present case, neither Hill,
Markowski, nor Gonzalez address the remedies potentially available to a successful plaintiff set
forth in section 551.142. See Tex. Gov't Code Ann. § 551.142. It is not enough to say that
because the commissioners court took no action following Molenaar's presentation, there has been
no harm to the public, and the district court cannot, therefore, order a remedial remedy. Such a
holding would ignore the public's interest as expressed by the supreme court in Cox Enterprises. 
See Cox Enters., 706 S.W.2d at 960. Therefore, we decline to hold as a matter of law that there
is no remedy available to HCWPP.

 The district court, having ruled that Hays County did not violate the Open Meetings
Act, did not consider what, if any, remedy might be available to HCWPP. We will remand this
case to the district court for further proceedings in this regard. In so doing, we express no opinion
concerning the relief to which HCWPP may be entitled.


CONCLUSION

 We hold that Hays County did violate the Open Meetings Act in its posting prior
to its October 26, 1999 meeting and