Opinion by Justice Hinojosa
Appellants City of Donna (Donna or the City), David Simmons, Jose Garza, Simon Sauceda, Irene Munoz, and Sonia Gallegos bring this interlocutory appeal from the trial court's denial of their plea to the jurisdiction seeking to dismiss claims brought by appellee Oscar Ramirez.[1] By seven issues, which we have reorganized as three issues, appellants argue the trial court erred in denying their plea to the jurisdiction because Ramirez failed to identify: (1) a violation of the Texas Open Meetings Act; (2) a reported violation of law sufficient to support a Whistleblower claim; and (3) a claim to support a declaratory judgment action. We affirm.
I. BACKGROUND
A. Pleadings
Ramirez, Donna's former city manager, brought causes of action against the City under the Texas Whistleblower Act, see TEX. GOV'T CODE ANN . § 554.002 (West, Westlaw through 2017 1st C.S.), and the Texas Open Meetings Act (TOMA). See id. § 551.002 (West, Westlaw through 2017 1st C.S.). Ramirez alleged he was terminated after he reported to the Donna *32 Chief of Police and a municipal judge that Donna city officials ordered him to waive or discount certain municipal fees or charges for city services. Ramirez also alleged that the City's agenda notice concerning his termination appeal violated TOMA's notice provisions. Finally, Ramirez brought a declaratory judgment action against David Simmons, the City's mayor, and city councilmembers, Garza, Sauceda, Munoz, and Gallegos, in their individual capacities.
B. Plea to the Jurisdiction
Appellants filed a plea to the jurisdiction seeking dismissal of all counts on the basis that Ramirez could not identify a violation of TOMA or the Whistleblower Act, and, therefore, Ramirez could not establish a waiver of Donna's governmental immunity. Appellants further argued that Ramirez's requests for declaratory relief were not ripe. Appellants attached to their plea to the jurisdiction the depositions of Ramirez and Donna city secretary Martha Alvarado and sections from Donna's Home Rule Charter.
Ramirez filed a response to the plea to the jurisdiction, attaching the following evidence: (1) the agenda for the April 14, 2014, special meeting of the city council, which depicts the handwritten notation "Cancelled"; (2) the agenda and minutes for both the March 31, 2014 and April 14, 2014, special meetings of the city council; (3) excerpts from the depositions of Alvarado, Garza, Ramirez, Munoz and Sauceda; (4) correspondence between Ramirez's counsel and the City concerning Ramirez's termination; and (5) Ramirez's affidavit.
C. Jurisdictional Record
1. Alleged TOMA Violation
The exhibits and testimony in the jurisdictional record establish that Ramirez was hired to serve as Donna's city manager on December 6, 2010. Donna's city council voted to terminate Ramirez's employment at a special meeting held on March 31, 2014. Ramirez, through his attorney, filed a written request for a hearing before the city council concerning his termination. Ramirez's request was authorized by Donna's city charter, which provides that the city manager "may be removed at the will and pleasure of the Council by a majority vote[,]" and "[i]f removed he/she may demand, within seven days of such action, written charges and the right to be heard thereon at an open or closed meeting of the Council to be held prior to the effective date of such action." The charter further provides that "[s]aid hearing shall be held within 15 days of the Council action to remove the City Manager[,]" and that "[u]pon termination of such hearing, a special City Council meeting shall be held to determine the final resolution of the removal."
The City scheduled a special meeting to discuss Ramirez's termination on April 14, 2014, the fifteenth day following his removal. The agenda notice provided that there would be a "[h]earing as requested by Dale & Klein, LLP on behalf of Oscar Ramirez as per Section 1, Article VI of the City of Donna Home Rule Charter." The agenda also stated that there would be "[c]onsideration and possible action or confirm or withdraw action taken on March 31, 2014 regarding removal of City Manager." The agenda provided that the city council would meet in executive session for "[d]iscussion on appeal letter submitted by Dale & Klein, LLP on behalf of Oscar Ramirez."
Prior to the scheduled meeting, Ramirez's attorney requested in writing that the City reschedule the hearing. A representative for Ramirez's attorney contacted city secretary Alvarado the day of the hearing and again requested that the *33 meeting be rescheduled. After speaking with the acting city manager, Alvarado believed the hearing had been rescheduled, and she wrote "Cancelled" on the agenda notice posted near the front door inside the city hall. Alvarado made the notation in the hour leading up to the scheduled hearing. Alvarado sent text messages to each city councilmember notifying them of the cancellation. Separate agenda notices posted outside the back entrance of the city hall and on the City's website remained unchanged.
The hearing proceeded as originally scheduled, and the city council affirmed its earlier decision to terminate Ramirez's employment. Ramirez and multiple city officials saw that "Cancelled" was written on the agenda notice posted inside the city hall both before and after the hearing.
2. Alleged Whistleblower Violation
Ramirez testified by affidavit as follows:
In good faith, I reported to Donna Police Chief Ruben "Ram" De Leon and Donna Municipal Judge Javier F. Garza multiple times prior to my termination that one or more publicly elected Donna officials had ordered me to waive and/or discount certain bills and/or charges for certain city services, e.g., sewer and water bills, fees for pavilion rental at city park, and/or cemetery fees. I made these reports orally.
Ramirez further testified that appellants Simmons, Sauceda, Garza, and Munoz "ordered [him] to waive and/or discount certain bills and/or charges for certain city services prior to [his] termination." Ramirez stated that he believed the actions of the named city officials "violated the Texas Constitution," and that he reported the violations to the "appropriate law enforcement authorities." Ramirez also testified by deposition that he reported to the aforementioned authorities "[t]he illegal request to waive fees and make adjustments to remove-to remove municipal fees." He further clarified "[t]hat individual council members were asking [Ramirez] to adjust or remove municipal fees on several occasions." Ramirez was terminated after reporting the alleged violations of law.
3. Declaratory Judgment Action
In his petition, Ramirez alleged that the individual appellants interfered with the day-to-day operations of the City and sought declarations to that effect. Ramirez also sought declarations that the individual appellants violated the Texas Constitution.
D. Trial Court's Ruling
The trial court held a hearing on appellants' plea to the jurisdiction and, after hearing argument from counsel, entered an order denying the plea. This interlocutory appeal followed.
II. PLEA TO THE JURISDICTION
A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." Bland Indep. Sch. Dist. v. Blue , 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction over a pleaded cause of action. Tex. Dep't of Parks & Wildlife v. Miranda , 133 S.W.3d 217, 226 (Tex. 2004). Subject matter jurisdiction is a question of law; therefore, when the determinative facts are undisputed, we review the trial court's ruling on a plea to the jurisdiction de novo. Id. "Sovereign immunity deprives a trial court of jurisdiction over lawsuits in which the state or certain governmental units have been sued, unless the state consents to suit. As a result, immunity is properly asserted in a plea to the jurisdiction." Mission Consol. Indep. Sch. Dist. v. Garcia , 372 S.W.3d 629, 636 (Tex. 2012).
*34 When a plea to the jurisdiction challenges the existence of jurisdictional facts, a trial court's review "mirrors that of a traditional summary judgment motion." Id. at 635. The trial court must take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. Miranda , 133 S.W.3d at 228. The defendant carries the initial burden to meet the summary judgment proof standard for its assertion that the trial court lacks jurisdiction. Garcia , 372 S.W.3d at 635. If it meets its burden, the plaintiff is then required to show that a disputed material fact exists regarding the jurisdictional issue. Id. If there is a fact question regarding the jurisdictional issue, the trial court must deny the plea to the jurisdiction. Miranda , 133 S.W.3d at 227-28. However, if the evidence is undisputed or if the plaintiff failed to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. Id. at 228.
III. TEXAS OPEN MEETINGS ACT
By their first issue, appellants argue that "Ramirez failed to identify a violation of any provision of [TOMA.]" Specifically, appellants maintain that "[t]he City Council meeting scheduled for April 14 was posted in compliance with TOMA requirements."
A. Standing
In their reply brief, appellants argue that Ramirez does not have standing to complain of a TOMA violation because he was present at the meeting; therefore, he did not suffer any injury. "An issue raised for the first time in a reply brief is ordinarily waived and need not be considered by this Court." McAlester Fuel Co. v. Smith Int'l, Inc. , 257 S.W.3d 732, 737 (Tex. App.-Houston [1st Dist.] 2007, pet. denied). However, "standing is a component of subject matter jurisdiction and absent jurisdiction, a court cannot address the merits of a case." RSL Funding, LLC v. Pippins , 499 S.W.3d 423, 429 (Tex. 2016). Accordingly, a court may examine standing issues sua sponte if necessary. See Tex. Ass'n of Bus. v. Tex. Air Control Bd. , 852 S.W.2d 440, 445-46 (Tex. 1993) (noting that standing "may be raised for the first time on appeal by the parties or by the court"). Therefore, we will address appellants' standing argument.
TOMA allows an "interested person" to bring an action to correct a violation of the Act. See TEX. GOV'T CODE ANN . § 551.142 (West, Westlaw through 2017 1st C.S.). Standing under TOMA is broader than under the common law. Save Our Springs Alliance, Inc. v. Lowry , 934 S.W.2d 161, 163 (Tex. App.-Austin 1996, orig. proceeding) (per curiam). The intended beneficiaries of TOMA are "members of the interested public." City of San Antonio v. Fourth Court of Appeals , 820 S.W.2d 762, 765 (Tex. 1991). Accordingly, "[t]he majority of courts addressing the 'interested person' requirement have adopted an extremely broad interpretation regarding who constitutes an 'interested person.' " Matagorda Cty. Hosp. Dist. v. City of Palacios , 47 S.W.3d 96, 102 (Tex. App.-Corpus Christi 2001, no pet.) (collecting cases). A plaintiff seeking to bring a TOMA challenge need not show that he was affected differently from other members of the general public. See Burks v. Yarbrough , 157 S.W.3d 876, 880 (Tex. App.-Houston [14th Dist.] 2005, no pet.); Lowry , 934 S.W.2d at 163. A plaintiff need only demonstrate that he shares the general public's interest in ensuring that the protections of TOMA are enforced. See City of Port Isabel v. Pinnell , 161 S.W.3d 233, 241 (Tex. App.-Corpus Christi 2005, no pet.). Given the broad standing conferred *35 by the statute, we disagree that Ramirez lacks standing to complain of a TOMA violation relating to a meeting he attended.[2] Rather, we conclude that Ramirez is an "interested person" under the Act, in that he shares the general public's interest in ensuring that the protections of TOMA are enforced. See ids="8974718" index="19" url="https://cite.case.law/sw3d/161/233/#p241">id. Therefore, we will address appellants' alternative contention that Ramirez failed to identify an open meetings violation.
B. Applicable Law
TOMA is intended to provide public access to and increase public knowledge of government decision making. Tex. State Bd. of Pub. Accountancy v. Bass , 366 S.W.3d 751, 759 (Tex. App.-Austin 2012, no pet.). TOMA waives immunity for violations of its provisions and authorizes suits against governmental bodies. See Hays Cty. v. Hays Cty. Water Planning P'ship , 69 S.W.3d 253, 257-58 (Tex. App.-Austin 2002, no pet.) (explaining that petition gave fair notice of claims and overcame county's assertion of immunity). Under TOMA, a governmental body must conduct its business in meetings that are open to the public and must "give written notice of the date, hour, place, and subject of each meeting held by the governmental body." TEX. GOV'T CODE ANN . §§ 551.002, 551.041 (West, Westlaw through 2017 1st C.S.); see Cox Enters., Inc. v. Bd. of Trustees of Austin Indep. Sch. Dist. , 706 S.W.2d 956, 958 (Tex. 1986). The notice "must be posted in a place readily accessible to the general public at all times for at least 72 hours before the scheduled time of the meeting[.]" TEX. GOV'T CODE ANN . § 551.043 (West, Westlaw through 2017 1st C.S.). Generally, a notice is sufficient if it informs the reader that "some action" will be considered with regard to the topic. Lower Colo. River Auth. v. City of San Marcos , 523 S.W.2d 641, 646 (Tex. 1975). The required specificity of the notice is directly related to the level of public interest in the topic to be discussed and increases as the public's level of interest increases. Cox Enters. , 706 S.W.2d at 959.
C. Analysis
The parties do not dispute that the April 14, 2014 agenda notice properly identified the date, hour, place, and subject of the scheduled meeting. Further, it is undisputed that the word "Cancelled" was prominently written on the agenda notice posted inside the city hall. The parties, however, disagree, on whether this fact alone demonstrates a violation of TOMA. Appellants contend that there was no evidence of a violation because "no cancellation was indicated on the notice outside City Hall or on the internet." Appellants further maintain that "the City's postings on the inside and outside bulletin boards constituted compliance with TOMA." Finally, appellants argue that the meeting *36 was not in fact cancelled; therefore, there was no TOMA violation.
While the agenda notice posted inside city hall seemingly provides notice as required by section 551.041 of the government code, we cannot overlook the effect of the word "Cancelled" prominently depicted on the notice. Viewing the agenda notice in its entirety would lead a member of the general public to conclude that the Donna City Council would not be holding a meeting at the time indicated to discuss any matter, including matters relating to the employment of Ramirez. Simply put, an agenda notice that states a meeting is cancelled does not inform the general public that a meeting will be held. It does the opposite. Nevertheless, Donna proceeded to hold the meeting on the date and time originally posted. Accordingly, taking as true all evidence favorable to Ramirez, see Miranda , 133 S.W.3d at 228, we conclude that Ramirez has presented facts supporting a violation of TOMA, particularly section 551.041 's requirement that a governmental body "give written notice of the date, hour, place, and subject of each meeting held by the governmental body." TEX. GOV'T CODE ANN . § 551.041. These same facts also support a violation of section 551.043 's requirement that the governmental body post its notice "at least 72 hours before the scheduled time of the meeting[.]" Id. § 551.043.
We disagree with appellants' assertion that any defect on the internal posting was remedied by the postings located outside city hall and on Donna's website. In addition to general notice requirements, a municipal governmental body such as Donna is required to "post notice of each meeting on a physical or electronic bulletin board at a place convenient to the public in the city hall. " Id. § 551.050 (emphasis added). Therefore, the additional postings do not serve to remedy any defect in the agenda notice posted inside Donna's city hall. We further note that, no matter the contents of the other postings, a person viewing the "Cancelled" agenda notice inside Donna's city hall would not be informed of the date and time of the meeting.[3]
Ramirez has presented facts supporting a violation of TOMA. Therefore, the trial court did not err in denying appellant's plea to the jurisdiction on this basis. See Garcia , 372 S.W.3d at 635. We overrule appellants' first issue.
IV. WHISTLEBLOWER ACT
By their second issue, appellants argue that Ramirez failed to identify a violation of the Whistleblower Act.
A. Applicable Law
The Whistleblower Act contains a provision waiving sovereign immunity to the extent of liability for authorized relief. TEX. GOV'T CODE ANN . § 554.0035 (West, Westlaw through 2017 1st C.S.); State v. Lueck , 290 S.W.3d 876, 881-82 (Tex. 2009). To demonstrate the trial court's jurisdiction over an asserted Whistleblower claim, a plaintiff must allege a violation of the Act and not merely reference it. Lueck , 290 S.W.3d at 882. Therefore, the elements of a Whistleblower claim "must be included within the pleadings so that the court can determine whether they sufficiently allege a violation under the Act and fall within" the waiver of immunity from suit provided by section 554.0035. Id. at 884. Further, the elements of a Whistleblower claim "can be considered *37 as jurisdictional facts, when it is necessary to resolve whether a plaintiff has alleged a violation[.]" Id. at 881. "[T]he burden of proof with respect to these jurisdictional facts does not involve a significant inquiry into the substance of the claims." Id. at 884 (citations omitted).
To establish a violation of the Whistleblower Act, a plaintiff must allege the following elements: (1) he was a public employee; (2) he made a good faith report of a violation of law by his employing governmental entity or another public employee; (3) he made the report to an appropriate law-enforcement authority; and (4) he suffered retaliation as a result of making the report. TEX. GOV'T CODE ANN . § 554.002(a) ; Tex. Dep't of Criminal Justice v. McElyea , 239 S.W.3d 842, 849 (Tex. App.-Austin 2007, pet. denied).
B. Violation of Law
Appellants' argument focuses on whether Ramirez made a good faith report of a violation of law. Appellants contend that Ramirez reported his own violation of the law and not that of a City official. Appellants further argue that Ramirez failed to identify conduct that constitutes an actual violation of the law.
The Whistleblower Act defines "law" to mean: (1) a state or federal statute, (2) an ordinance of a local governmental entity, or (3) a rule adopted under a statute or ordinance. TEX. GOV'T CODE ANN . § 554.001(1) (West, Westlaw through 2017 1st C.S.). We have previously interpreted this section "to include any disclosure of information regarding a public servant's employer tending to directly or circumstantially prove the substance of a violation of criminal or civil law, the State or Federal Constitution, statutes, administrative rules or regulations." Scott v. Godwin , 147 S.W.3d 609, 622 (Tex. App.-Corpus Christi 2004, no pet.) (citing Llanes v. Corpus Christi Indep. Sch. Dist. , 64 S.W.3d 638, 642 (Tex. App.-Corpus Christi 2001, pet. denied) ; Castaneda v. Tex. Dep't of Agric. , 831 S.W.2d 501, 503-04 (Tex. App.-Corpus Christi 1992, writ denied) ). "Other complaints and grievances, including alleged violations of an agency's internal procedures and policies, will not support a claim." Mullins v. Dallas Indep. Sch. Dist. , 357 S.W.3d 182, 188 (Tex. App.-Dallas 2012, pet. denied). The Whistleblower Act does not require the employee to "identify a specific law when making a report[,]" and the employee need not "establish an actual violation of law." McElyea , 239 S.W.3d at 850 (citing Llanes , 64 S.W.3d at 642 ). However, there must be "some law prohibiting the complained-of conduct to give rise to a whistleblower claim." Id.
Whether a report of a violation of law was made in good faith is determined using both an objective and subjective standard. See McElyea , 239 S.W.3d at 849-50 (citing Wichita Cty. v. Hart , 917 S.W.2d 779, 784 (Tex. 1996) ). " 'Good faith' means that (1) the employee believed that the conduct reported was a violation of law and (2) the employee's belief was reasonable in light of the employee's training and experience." Hart , 917 S.W.2d at 784.
Ramirez alleges in his petition and on appeal that he reported conduct violating article III, sections 50 and 52(a), of the Texas Constitution.[4] See *38 TEX. CONST . art. III, §§ 50, 52(a). Article III, section 52(a) of the Texas Constitution provides, in relevant part, that "the Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual, association or corporation[.]"[5] Id. art. III, § 52(a). The purpose of this provision is to prevent the gratuitous transfer of public funds by a political subdivision to any individual. Graves v. Morales , 923 S.W.2d 754, 757 (Tex. App.-Austin 1996, no writ) (citing Edgewood Indep. Sch. Dist. v. Meno , 893 S.W.2d 450, 473 (Tex. 1995), republished as modified , 917 S.W.2d 717 (Tex. 1995) ). However, "a transfer of funds for a public purpose, with a clear public benefit received in return, does not amount to a lending of credit or grant of public funds in violation of article III, section[ ] 52." Meno , 917 S.W.2d at 740.
We also note that Ramirez's report identified actions which potentially implicate the Texas Penal Code. See McElyea , 239 S.W.3d at 850 ("There is no requirement that an employee identify a specific law when making a report."); see also Morales v. Hidalgo Cty. Irrigation Dist. No. 6 , No. 13-13-00265-CV, 2015 WL 1284664, at *5 (Tex. App.-Corpus Christi Mar. 19, 2015, no pet.) (mem. op.) (construing employee's report as implicating various penal code offenses including abuse of official capacity and official oppression); Phelan v. Tex. Tech Univ. , No. 07-07-0171-CV, 2008 WL 190741, at *6 n.4 (Tex. App.-Amarillo Jan. 23, 2008, pet. denied) (mem. op.) (interpreting employee's pleadings as alleging a report of the criminal offense of abuse of official capacity); City of McAllen v. Torres , No. 13-03-184-CV, 2005 WL 1177727, at *4 (Tex. App.-Corpus Christi May 19, 2005, pet. denied) (mem. op.) (construing employee's pleadings liberally and concluding that employee's allegation of improper unlawful activity in awarding a bid for construction was broad enough to determine that abuse of official capacity was the basis for the report). For instance, section 39.02 of the penal code, titled "Abuse of Official Capacity," provides:
A public servant commits an offense if, with intent to obtain a benefit or with intent to harm or defraud another, he intentionally or knowingly ... misuses government property, services, personnel, or any other thing of value belonging to the government that has come into the public servant's custody or possession by virtue of the public servant's office or employment.
TEX. PENAL CODE ANN . § 39.02(a) (West, Westlaw through 2017 1st C.S.).
Ramirez presented evidence that "one or more publicly elected Donna officials had ordered [Ramirez] to waive and/or discount certain bills and/or charges for certain city services, e.g., sewer and water bills, fees for pavilion rental at city park, and/or cemetery fees." Such actions, if true, could possibly violate both the Texas *39 Constitution and the penal code. See Godwin , 147 S.W.3d at 622. Recognizing that Ramirez's burden of proof at this stage does not involve a significant inquiry into the substance of his Whistleblower claim, see Lueck, 290 S.W.3d at 884, we conclude that Ramirez has presented evidence that he reported a violation of law in good faith.[6] See Hart, 917 S.W.2d at 784. Therefore, the trial court did not err in denying appellants' plea to the jurisdiction on this basis.[7] See Garcia , 372 S.W.3d at 635. We overrule appellants' second issue.
V. DECLARATORY JUDGMENT
By their third issue, appellants maintain that Ramirez has not "identified a claim against the individual defendants on which he would be entitled to declaratory judgment relief." Appellants further argue that Ramirez has failed to identify "any equitable relief to which he would be entitled for his declaratory judgment claim."
An appellate court has jurisdiction to consider an immediate appeal from an interlocutory order if a statute specifically authorizes such jurisdiction. Tex. A & M Univ. Sys. v. Koseoglu , 233 S.W.3d 835, 840 (Tex. 2007). The Texas Civil Practice and Remedies Code authorizes an immediate appeal of an interlocutory order denying a plea to the jurisdiction by a "governmental unit." TEX. CIV. PRAC. & REM. CODE ANN . § 51.014(a)(8) (West, Westlaw through 2017 1st C.S.). As noted above, Ramirez's Whistleblower and TOMA claims were brought solely against the City, while Ramirez's declaratory judgment action was brought solely against certain appellants in their individual capacities.[8] A claim against a government official in his individual capacity is not a claim against the governmental unit. See Nueces Cty. v. Ferguson , 97 S.W.3d 205, 214 (Tex. App.-Corpus Christi 2002, no pet.) ; see also Adams v. Harris Cty. , No. 04-15-00287-CV, 2015 WL 8392426, at *4 (Tex. App.-San Antonio Dec. 9, 2015, pet. denied) (mem. op.). A person sued only in his individual capacity may not assert the governmental unit's sovereign immunity. See City of El Paso v. Heinrich , 284 S.W.3d 366, 380 (Tex. 2009) ; Harrison v. Tex. Dep't of Criminal Justice Institutional Div. , 915 S.W.2d 882, 887-89 (Tex. App.-Houston [1st Dist.] 1995, no pet.) (sovereign immunity does not bar a claim against *40 individual state officials in their individual capacities). Accordingly, any ruling by the trial court regarding claims against appellants in their individual capacities does not constitute a ruling that "grant[ed] or denie[d] a plea to the jurisdiction by a governmental unit[.]" TEX. CIV. PRAC. & REM. CODE ANN . § 51.014(a)(8). Therefore, appellants' interlocutory appeal is not authorized by section 51.014(a)(8), which is the sole basis for the Court's jurisdiction over this appeal. Cf. Sanders v. City of Grapevine , 218 S.W.3d 772, 776 (Tex. App.-Fort Worth 2007, pet. denied) (holding trial court's order granting plea to jurisdiction and dismissing with prejudice claims against city officials in their individual capacities was not an appealable interlocutory order under section 51.014(a)(8) ).
Because we lack jurisdiction to consider the trial court's ruling concerning Ramirez's declaratory judgment action, we overrule appellants' third issue.
VI. CONCLUSION
We affirm the trial court's order denying appellants' plea to the jurisdiction.

Texas Civil Practice and Remedies Code section 51.014(a)(8) provides a right of interlocutory appeal from a district court's order that "grants or denies a plea to the jurisdiction by a governmental unit." See Tex. Civ. Prac. & Rem. Code Ann . § 51.014(a)(8) (West, Westlaw through 2017 1st C.S.).

Appellant urges us to adopt the approach articulated by the Dallas Court of Appeals in Dallas Independent School District v. Peters , No. 05-14-00759-CV, 2015 WL 8732420 (Tex. App.-Dallas Dec. 14, 2015, pet. denied) (mem. op.). In Peters , the court held that the plaintiff lacked standing under TOMA because "he had both notice of the meeting and the opportunity to observe the vote [of the governmental body.]" Id. at *10. The court reasoned that the plaintiff "did not suffer the same injury the general public suffered in not having an opportunity to observe the vote [in question.]" Id. We believe Peters is contrary to this Court's precedent, which recognizes that an "interested person" under TOMA includes any person who shares the general public's interest in ensuring that the protections of TOMA are enforced. See City of Port Isabel v. Pinnell, 161 S.W.3d 233, 241 (Tex. App.-Corpus Christi 2005, no pet.) ; Matagorda Cty. Hosp. Dist. v. City of Palacios , 47 S.W.3d 96, 102 (Tex. App.-Corpus Christi 2001, no pet.). Accordingly, we respectfully decline to follow Peters .

Appellants also maintain that Mayor Simmons did not authorize the cancellation of the specially called meeting, and that Alvarado had no authority to cancel the meeting. Whether or not Alvarado had authority to cancel the meeting is not relevant to Ramirez's claim that the posted agenda notice violated TOMA.

Ramirez urges on appeal that the conduct also violated various provisions of the Donna city charter. However, the referenced provisions of the charter were not presented to the trial court or to this Court on appeal. A court, upon the motion of a party, shall take judicial notice of a municipal ordinance, provided the party requesting the notice furnishes the court with sufficient information to comply with the request and the court gives the opposing party an opportunity to be heard on the propriety of taking judicial notice and the tenor of the matter noticed. Tex. R. Evid . 204 ; City of Farmers Branch v. Ramos , 235 S.W.3d 462, 469 (Tex. App.-Dallas 2007, no pet.). City charters may be likened to municipal ordinances which courts have refused to take judicial notice of when not submitted in verified form. Fields v. City of Tex. City , 864 S.W.2d 66, 69 (Tex. App.-Houston [14th Dist.] 1993, writ denied). Ramirez has not requested that we take judicial notice of the city charter, and he has not supplied us with sufficient information to comply with the request. Therefore, we do not consider the cited provisions in our analysis.

Article III, section 50 of the Texas Constitution sets out similar prohibitions against direct gratuitous expenditures by the Texas Legislature. See Tex. Const . art. III, § 50.

In reaching our conclusion, we reject appellants' argument that Ramirez failed to identify a violation of law because he took some part in carrying out the orders of various City officials. We do not believe that Ramirez's role in effectuating those orders is relevant to whether he believed, in good faith, that City officials were violating the law.

Appellants do not challenge any of the remaining elements of Ramirez's Whistleblower claim.

"A plaintiff may sue a governmental employee or official in the person's official capacity, individual capacity, or both." Nueces Cty. v. Ferguson , 97 S.W.3d 205, 213 (Tex. App.-Corpus Christi 2002, no pet.). A suit against a person in his individual capacity seeks to impose personal liability on the individual being sued for personal actions taken under color of state law. Ross v. Linebarger, Goggan, Blair & Sampson, L.L.P. , 333 S.W.3d 736, 743 (Tex. App.-Houston [1st Dist.] 2010, no pet.). Other than Donna, Ramirez's petition identifies each appellant as "an individual" and does not identify appellants in their official capacity. Ramirez's petition provides that his claim for declaratory relief is against the individual appellants and "does not attempt to subject Donna to liability[.]" In relation to his declaratory judgment action, Ramirez's petition seeks declaratory relief, costs and attorney's fees against only the individual appellants. See City of El Paso v. Heinrich , 284 S.W.3d 366, 377 (Tex. 2009) (considering nature of liability sought to be imposed in determining whether public official was being sued in an individual or official capacity).