

# NUMBER 13-18-00486-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**CALHOUN PORT AUTHORITY,** **Appellant,**

**v.**

**VICTORIA ADVOCATE PUBLISHING CO.,** **Appellee.**

### On appeal from the 135th District Court
### of Calhoun County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Hinojosa
Memorandum Opinion by Chief Justice Contreras**

This is an appeal of an interlocutory order denying a plea to the jurisdiction in a suit brought under the Texas Open Meetings Act (TOMA). *See* TEX. GOV'T CODE ANN. ch. 551 (West, Westlaw through 2017 1st C.S.). By four issues, appellant Calhoun Port Authority (CPA) argues that the trial court erred in denying its jurisdictional challenges to

the suit filed by appellee Victoria Advocate Publishing Co. (the Advocate), a newspaper publisher. We vacate the trial court's judgment and dismiss the case for want of jurisdiction.

## I. BACKGROUND

This case involves CPA's May 9, 2018 decision to hire former United States Representative Blake Farenthold as a lobbyist. The Advocate filed suit alleging that CPA failed to provide proper notice under TOMA that Farenthold's hiring would be deliberated or discussed at the May 9 meeting of CPA's board of commissioners.[1] The Advocate's suit asked the trial court to: (1) declare that CPA violated TOMA by deliberating and discussing the hiring of Farenthold without legally adequate notice; (2) issue an injunction "revers[ing] or void[ing]" the hiring and "prevent[ing] future violations of [TOMA]"; and (3) award costs and attorney's fees to the Advocate. The Advocate argued that the decision to hire Farenthold was "of special interest to the public" due to Farenthold's "current notoriety arising from the circumstances of his recent resignation" from Congress.

In a third amended petition, the Advocate further alleged that CPA, in response to the initial filing of suit, noticed a special board meeting for May 24, 2018. According to the Advocate, at the May 24 meeting, the board "removed the role of the Port Director" in determining Farenthold's employment—an action which the Advocate argued was also unlawful under TOMA because it was not stated in the notice. The Advocate alleged that, instead of holding a public vote on Farenthold's hiring, the board held a vote on whether

---

[1] According to the Advocate, the agenda posted by CPA stated only that there would be a closed session of the board to consider "the appointment, employment, compensation, evaluation, reassignment, duties, discipline or dismissal or [sic] a public officer or employee." The notice did not specifically mention Farenthold or the position he was hired for; nor did it state that the Port Director, Charles Hausmann, would consult with the board regarding the hire, as required by CPA's personnel manual. Nevertheless, the board voted in closed session on May 9 to hire Farenthold as a "legislative liaison" at an annual salary of $160,000.

to *fire* him on May 24; and because there were three votes for and three against, Farenthold remained employed by CPA. The Advocate alleged that CPA committed separate violations of TOMA by failing to properly maintain any recording or Certified Agenda for the May 9 or May 24 closed sessions.

CPA filed a plea to the jurisdiction arguing: (1) there is no justiciable controversy because the Advocate alleged no "action" that can be voided under TOMA[2]; (2) the Advocate's claims are moot due to the decisions made by the board at the May 24 meeting; and (3) there is no justiciable controversy concerning publication of the Certified Agenda of the May 9 meeting because CPA "alleges no viable basis for public disclosure of the Certified Agenda under TOMA." The Advocate filed a response. After a hearing, the trial court denied the plea. CPA later filed an amended plea to the jurisdiction addressing the claims made in the Advocate's third amended petition, which the trial court also denied.[3]

This accelerated interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West, Westlaw through 2017 1st C.S.) (allowing immediate appeal of interlocutory order denying a plea to the jurisdiction by a governmental unit); *id.* § 101.001 (West, Westlaw through 2017 1st C.S.) (defining "governmental unit" to include a navigation district); TEX. SPEC. DIST. CODE ANN. § 5003.002 (West, Westlaw through 2017 1st C.S.) (stating that CPA "is a navigation district").

---

[2] In particular, CPA alleged that Hausmann had the sole authority to hire Farenthold and that its board of commissioners merely consulted with Hausmann. Therefore, according to CPA, there was no action by the board which could be invalidated under TOMA.

[3] CPA also filed a motion for summary judgment and an amended motion for summary judgment; however, the record does not contain a ruling on those motions. In any event, CPA does not argue on appeal that the trial court erred in denying its summary judgment motions, and so we do not consider the issue here.

Following the initial round of briefing in this appeal, the Advocate notified this Court on January 16, 2019, that Farenthold has resigned his position with CPA, thereby rendering the Advocate's claims moot to the extent they seek to have Farenthold's hiring declared void.

## II. DISCUSSION

CPA argues on appeal that the trial court erred by denying its plea for four reasons: (1) there is no justiciable controversy because the Advocate did not allege any board "action," such as a vote, that would be voidable under TOMA; (2) prospective injunctive relief is not permitted under TOMA where there is no "pattern and practice of past violations"; (3) TOMA section 551.104 does not permit a court to order publication of a Certified Agenda "based solely on a putatively inadequate meeting notice"; and (4) the Uniform Declaratory Judgments Act (UDJA) does not expand jurisdiction beyond the "limited waiver" for claims made under TOMA.

## A. Standard of Review

A plea to the jurisdiction is a dilatory plea used to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plaintiff has the initial burden to plead facts affirmatively showing that the trial court has subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). Whether a trial court has subject matter jurisdiction and whether the pleader has alleged facts that affirmatively demonstrate the trial court's subject matter jurisdiction are questions of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

4

We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *See Miranda*, 133 S.W.3d at 226, 228.

If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do, even when the evidence implicates the merits of the cause of action. *Id.* at 227; *see City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009).

**B.    Applicable Law**

TOMA requires that every regular, special, or called meeting of a governmental body be open to the public, with certain exceptions. TEX. GOV'T CODE ANN. § 551.002. The governmental body must give written public notice of the date, hour, place, and subject of each meeting. *Id.* §§ 551.041, .043. Generally, notice is sufficient if it informs the reader that "some action" will be considered with regard to the topic. *Lower Colo. River Auth. v. City of San Marco*s, 523 S.W.2d 641, 646 (Tex. 1975); *City of Donna v. Ramirez*, 548 S.W.3d 26, 35 (Tex. App.—Corpus Christi 2017, pet. denied). The required specificity of the notice is directly proportional to the level of public interest in the topic to be discussed. *Cox Enters., Inc. v. Bd. of Trustees of Austin Indep. Sch. Dist.*, 706 S.W.2d 956, 959 (Tex. 1986); *City of Donna*, 548 S.W.3d at 35.

An action taken by a governmental body in violation of TOMA is voidable. TEX. GOV'T CODE ANN. § 551.141. "An interested person, including a member of the news media, may bring an action by mandamus or injunction to stop, prevent, or reverse a violation or threatened violation of [TOMA] by members of a governmental body." *Id.*

5

§ 551.142(a) (West, Westlaw through 2017 1st C.S.). This provision waives governmental immunity to suit for violations of TOMA's provisions and authorizes suits for mandamus or injunctive relief against governmental bodies. *City of Donna*, 548 S.W.3d at 35.[4]

## C. Analysis

We must first address whether this proceeding is moot given Farenthold's resignation. A case is moot when either no live controversy exists between the parties or the parties have no legally cognizable interest in the outcome. *City of Krum, Tex. v. Rice*, 543 S.W.3d 747, 749 (Tex. 2017) (per curiam). "Put simply, a case is moot when the court's action on the merits cannot affect the parties' rights or interests." *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012). "A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal." *In re Kellogg Brown & Root, Inc.,* 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). When a case becomes moot, the parties no longer have standing, which requires the court to dismiss for lack of jurisdiction. *City of Krum*, 543 S.W.3d at 750.

As noted, the Advocate concedes that its underlying claims are now moot to the extent that they seek to have Farenthold's hiring invalidated or reversed. It argues,

---

[4] There is a split in authority regarding whether TOMA waives immunity for declaratory judgment actions. *Compare City of New Braunfels v. Carowest Land, Ltd.*, 549 S.W.3d 163, 173 (Tex. App.—Austin 2017, pet. filed) (concluding that TOMA section 551.142 "set[s] the boundaries of [its] waiver[] of immunity to the express relief provided in the statute[]—injunctive and mandamus relief—and [does not] extend[] the scope of waiver to include the declaratory relief that [the plaintiff] sought and the trial court awarded here") (citing *Zachry Const. Corp. v. Port of Houston Auth. of Harris Cty.*, 449 S.W.3d 98, 109 (Tex. 2014) (holding that local government code chapter 271 "does not waive immunity from suit on a claim for damages not recoverable" under that chapter)) *with Town of Shady Shores v. Swanson*, 544 S.W.3d 426, 437 n.1 (Tex. App.—Fort Worth 2018, pet. filed) ("[A]lthough TOMA does not broadly waive immunity for all declaratory judgment actions, it does waive immunity for a declaration that an action taken in violation of TOMA is void."). We need not decide the issue here. *See* TEX. R. APP. P. 47.1.

6

however, that the following claims it raised are not moot: (1) its claim for a "declaration concerning the illegal insufficiency of the notice of the closed session on May 9, 2018, and the illegality of the closed session itself"; (2) its claim for an injunction "to prevent future violations of [TOMA] by [CPA]"; (3) its claims for "an order requiring publication of the certified agenda of the closed session on May 9, 2018" and "a declaration of the illegal inadequacy of the certified agenda of that closed session and of the one that occurred on May 24, 2018"; and (4) its claim for attorney's fees under the Uniform Declaratory Judgments Act (UDJA). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West, Westlaw through 2017 1st C.S.).

We disagree. Although the Advocate raises TOMA-based complaints regarding the notice of CPA's May 9, 2018 and May 24, 2018 closed board sessions, the only *actions* which it seeks to "stop, prevent, or reverse" are the decisions to hire and retain Farenthold. *See* TEX. GOV'T CODE ANN. § 551.142(a); *Point Isabel Indep. Sch. Dist. v. Hinojosa*, 797 S.W.2d 176, 182–83 (Tex. App.—Corpus Christi 1990, writ denied) (noting that "[t]he intent of the legislature . . . appears to be that only specific acts which violate [TOMA] are subject to being declared void" and holding that "defective notice of a meeting renders voidable only those specific actions which are in violation of [TOMA]"). Because those decisions have already been effectively reversed, there is no live case or controversy involving the May 9 and May 24 board sessions which the trial court could remedy by taking action on the merits. Accordingly, we conclude that all of the Advocate's claims are now moot.

The Advocate also requested an order "prevent[ing] future violations" of TOMA. As noted, TOMA allows a member of the news media to sue to "prevent" a "violation or

7

threatened violation" of TOMA. *See* TEX. GOV'T CODE ANN. § 551.142(a). Arguably, this specific claim is not moot, technically speaking, because it only seeks prospective relief. However, again, the only actions which the Advocate alleges were violations of TOMA have already been effectively reversed, and it does not allege any "threatened violation" of the statute. *See id.* Accordingly, even assuming the request for an order preventing future TOMA violations is not moot, the trial court nevertheless lacks subject matter jurisdiction over this particular request because the Advocate has not pleaded facts establishing a waiver of CPA's governmental immunity. *See Tex. Ass'n of Bus.*, 852 S.W.2d at 446; *City of Donna*, 548 S.W.3d at 35. Specifically, it has not pleaded that there is any "threatened violation" of TOMA which the trial court should prevent. *See* TEX. GOV'T CODE ANN. § 551.142(a).

## III. CONCLUSION

CPA's issues on appeal are sustained. We vacate the trial court's judgment and dismiss the case for want of jurisdiction. *See* TEX. R. APP. P. 43.2(e).

DORI CONTRERAS
Chief Justice

Delivered and filed the
11th day of April, 2019.

8