

## NUMBER 13-21-00320-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

CITY OF EDINBURG, TEXAS,                                     Appellant,

v.

CESAR TORRES,                                               Appellee.

### On appeal from the 139th District Court
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina
Memorandum Opinion by Justice Benavides**

In this interlocutory appeal from the denial of a plea to the jurisdiction, appellant City of Edinburg (City) contends that appellee Cesar Torres filed his claim under the Texas Whistleblower Act outside the ninety-day limitations period. *See* TEX. GOV'T CODE ANN. § 554.005. We affirm.

## I. BACKGROUND

In January of 2019, Torres was hired as the Chief of Police for the City's police department. According to his petition, the following timeline of events precipitated his suit against the City.

**September 18, 2020**—An internal affairs investigator informed Torres about a complaint against an officer who was allegedly involved in a conspiracy to commit insurance fraud. Torres later emailed City Manager Ron Garza and informed Garza of his intent to contact the Texas Rangers or the Federal Bureau of Investigation (FBI) to assist in the investigation. Garza responded to the email and directed Torres to "not take action" until the two of them had an opportunity to meet and discuss the matter.

**September 24, 2020**—The internal affairs investigator notified Torres that Garza and City Attorney Omar Ochoa had contacted him about the complaint and that he felt "intimidated" by the City officials not to pursue the matter.

**September 26, 2020**—Torres told Garza that he wanted to meet with him to discuss the complaint, and Garza told him to stop pursuing it.

**October 2, 2020**—Torres met with the FBI and reported the complaint against the officer.

**October 9, 2020**—Torres broached the subject with Garza again, and Garza told Torres that "he did not want the matter investigated." That same day, Garza "targeted" Torres by singling him out for discipline.

**October 30, 2020**—Garza "threatened" Torres by telling him that he was going to "clean up administration."

**November 4, 2020**—Torres reported to the FBI that Garza did not want him to pursue a criminal investigation against the officer.

**November 6, 2020**—Torres told Garza that he reported the officer to the FBI.

**Unclear**—There were "several other incidents" where Garza and Councilman David White "harassed and targeted" Torres "as a result of" his report to the FBI.

**April 7, 2021**—Garza told Torres that he would be terminated if he did not resign.

**April 12, 2021**—Torres declined the invitation to resign, and Garza placed him on administrative leave.

**May 6, 2021**—Torres filed suit.

The trial court granted Torres's request for a temporary restraining order and enjoined the City from terminating Torres or taking any other adverse employment action against him. The City removed the case to federal court on May 16, 2021, one day before the scheduled hearing on Torres's request for a temporary injunction. The case was remanded to state court two weeks later; however, in the interim, the temporary restraining order expired on May 20, 2021, and the City terminated Torres the next day.

Upon remand, the City filed a plea to the jurisdiction arguing that Torres's petition affirmatively negated jurisdiction because Torres alleged that he suffered adverse employment actions as early as October 9, 2020, more than ninety days before he filed suit on May 5, 2021. The trial court denied the plea, and this interlocutory appeal ensued. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8).

## II.     APPLICABLE LAW & STANDARD OF REVIEW

Subject matter jurisdiction is essential to a court's authority to decide a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993)). Whether a trial court has subject matter jurisdiction is a question of law we review de novo. *State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002). A plaintiff must plead facts that affirmatively demonstrate the trial court's subject matter jurisdiction. *Fleming v. Patterson*, 310 S.W.3d 65, 68 (Tex. App.—Corpus Christi–Edinburg 2010, pet. struck) (citing *Tex. Air Control Bd.*, 852 S.W.2d at 446).

Sovereign immunity protects the State and its agencies from lawsuits for money damages and deprives a trial court of subject matter jurisdiction over the plaintiff's claims. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 & n.2 (Tex. 2008). Governmental immunity offers the same protections for political subdivisions of the State, including municipalities. *Id.* To prevail on a claim of immunity, the governmental defendant "may challenge the pleadings, the existence of jurisdictional facts, or both." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). "When a plea to the jurisdiction challenges the pleadings, we determine if the plaintiff has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case, construing the pleadings liberally in favor of the plaintiff and considering the plaintiff's intent." *Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 486 (Tex. 2018) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)). When "the pleadings do not contain sufficient facts that affirmatively demonstrate the trial court's jurisdiction but do

not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend." *Id.* (citing *Miranda*, 133 S.W.3d at 226–27).

"The Whistleblower Act prevents a local governmental entity from firing a public employee for reporting another public employee's violation of the law to a law-enforcement authority." *City of Madisonville v. Sims*, 620 S.W.3d 375, 378 (Tex. 2020) (per curiam) (citing TEX. GOV'T CODE ANN. § 554.002(a)). Other prohibited conduct includes taking "adverse personnel action" against the reporting employee. TEX. GOV'T CODE ANN. § 554.002(a). "[A] personnel action is adverse within the meaning of the Whistleblower Act if it would be likely to dissuade a reasonable, similarly situated worker from making a report under the Act." *Montgomery County v. Park*, 246 S.W.3d 610, 614 (Tex. 2007) The Whistleblower Act waives the governmental employer's immunity for violations of the Act. TEX. GOV'T CODE ANN. § 554.0035.

A plaintiff must allege the following elements to establish a violation of the Whistleblower Act: "(1) he was a public employee; (2) he made a good faith report of a violation of law by his employing governmental entity or another public employee; (3) he made the report to an appropriate law-enforcement authority; and (4) he suffered retaliation *as a result* of making the report." *City of Donna v. Ramirez*, 548 S.W.3d 26, 37 (Tex. App.—Corpus Christi–Edinburg 2017, pet. denied) (emphasis added) (citing TEX. GOV'T CODE ANN. § 554.002(a)).

The Whistleblower Act imposes a ninety-day deadline to file a claim from the date the violation occurred or was discovered by the employee through reasonable diligence.

5

TEX. GOV'T CODE ANN. § 554.005. The deadline is a jurisdictional prerequisite to filing suit and failure to comply may be raised in a plea to the jurisdiction. *City of Madisonville*, 620 S.W.3d at 379.

### III.    ANALYSIS

By a single issue, the City contends that the trial court erred in denying its plea to the jurisdiction because Torres alleged a violation of the Whistleblower Act that occurred more than ninety days before he filed suit on May 5, 2021. Specifically, the City points to Torres's allegations that Garza "targeted" him with disparate discipline on October 9, 2020, and "threatened" his job security on October 30, 2020. According to the City, these were adverse personnel actions that triggered Torres's ninety-day filing period long before Torres was informed of his impending termination on April 7, 2021. We disagree.

A violation of the Whistleblower Act occurs when the government employer retaliates against the employee "*because*" he made a report. *Off. of Att'y Gen. v. Rodriguez*, 605 S.W.3d 183, 191 (Tex. 2020) (quoting *Tex. Dep't of Hum. Servs. v. Hinds*, 904 S.W.2d 629, 633 (Tex. 1995)). Stated differently, "[t]o establish a Whistleblower Act claim, the plaintiff must show that his report to a law enforcement authority caused him to suffer the complained-of adverse personnel action." *Canutillo Indep. Sch. Dist. v. Farran*, 409 S.W.3d 653, 656 (Tex. 2013) (citing *City of Fort Worth v. Zimlich*, 29 S.W.3d 62, 67 (Tex. 2000)). Without a causal link between the report and the adverse employment action, the employee has no claim. *Rodriguez*, 605 S.W.3d at 192 ("The Act imposes liability if an employee's report causes an adverse employment action . . . ."). Of course, without a claim, the ninety-day filing period never begins to run. *See* TEX. GOV'T CODE

6

ANN. § 554.005.

Here, although Torres met with the FBI on October 2, 2020, he did not inform Garza about the meeting until November 6, 2020—*after* Garza allegedly "targeted" and "threatened" him. There is no other allegation in the petition suggesting that Garza knew about the meeting before Torres informed him on November 6, 2020. *See Zimlich*, 29 S.W.3d at 69 (circumstantial evidence of causation includes the employer's "knowledge of the report"). Thus, any adverse personnel action directed at Torres before November 6, 2020, was not retaliatory and did not trigger the ninety-day filing period.[1] *See Rodriguez*, 605 S.W.3d at 192; *City of Donna*, 548 S.W.3d at 37.

The next specific, timestamped allegation in Torres's petition is that Garza informed him in a meeting on April 7, 2021, that he would be terminated if he did not resign. According to Torres, this is when his claim accrued, and he filed suit less than a month later, on May 5, 2021, well within the ninety-day deadline. *See Herrera v. Dall. Indep. Sch. Dist.*, 609 S.W.3d 579, 589 (Tex. App.—Dallas 2020, pet. denied) (concluding violation occurred when employee received notice of employer's intent not to renew employee's contract, not when decision became final); *Univ. of Tex.-Pan Am. v. De Los Santos*, 997 S.W.2d 817, 820 (Tex. App.—Corpus Christi–Edinburg 1999, no pet.) (holding claim accrued when employer notified employee of intent to terminate); *cf. Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.3d 490, 493 (Tex. 1996) (per curiam) (stating "limitations period begins when the employee is informed of the allegedly

---

[1] An employer's adverse employment action designed to preemptively deter an employee from making a report is not actionable under the Whistleblower Act. *See* TEX. GOV'T CODE ANN. § 554.002(a); *Off. of Att'y Gen. v. Rodriguez*, 605 S.W.3d 183, 192 (Tex. 2020).

discriminatory employment decision, not when that decision comes to fruition").

The City points out that Torres also alleged in his petition that, at some unspecified time after November 6, 2020, but before April 7, 2021, there were "several other incidents" where Garza and Councilman David White "harassed and targeted" Torres "as a result of" his report to the FBI. Although these other incidents were allegedly a "result of" the report, it is unclear from the pleadings whether they occurred within ninety days of Torres filing suit. It is also unclear, without more detailed allegations, whether these incidents would constitute distinct adverse employment actions, thereby potentially triggering the filing deadline.[2]

Therefore, Torres's petition neither affirmatively establishes nor affirmatively negates the trial court's jurisdiction. As such, "the issue is one of pleading sufficiency and [Torres] should be afforded the opportunity to amend." *See JDC/Firethorne*, 548 S.W.3d at 486. Accordingly, the trial court did not err in denying the City's plea to the jurisdiction. *See County of Cameron v. Brown*, 80 S.W.3d 549, 559 (Tex. 2002) ("Because this pleading defect is one for which the plaintiffs should be afforded an opportunity to amend, we affirm the court of appeals' judgment reversing the trial court's dismissal for lack of jurisdiction and remanding the case to the trial court."). The City's issue is overruled.

---

[2] The parties have not briefed, and today we do not decide, the interplay between successive, distinct violations under the Whistleblower Act and the limitations period. For example, if an employer retaliates against an employee twice, once by taking an adverse employment action and then by terminating the employee ninety-one days later, does the filing period begin on the date of the adverse employment action, the date of termination, or does each violation have its own filing period? *See, e.g.*, *Univ. of Tex. Med. Branch at Galveston v. Hohman*, 6 S.W.3d 767, 773–74 (Tex. App.—Houston [1st Dist.] 1999, pet. dism'd w.o.j.) (holding suit was timely because the ninety-day period began on date employees were discharged, not when previous discrete acts of retaliation occurred).

## IV. CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES
Justice

Delivered and filed on the
7th day of July, 2022.

9