**SUN EXPLORATION AND PRODUC-
TION COMPANY, Petitioner,**

v.

**Lynda BENTON, Respondent.**

**No. C–5489.**

Supreme Court of Texas.

April 8, 1987.

Rehearing Denied May 13, 1987.

Dawn M. Pate, Davis, Durham, Durham & Park, Huntsville, for petitioner.

Mac L. Bennett, Normangee, and W.A. Keils, Jr., Keils & Fulcher, Teague, for respondent.

ROBERTSON, Justice.

This lawsuit arose as a result of an oil and gas lease between Lynda Benton and Sun Exploration and Production Company. Following a trial without a jury, the trial court rendered judgment in favor of Benton. The court of appeals affirmed. 711 S.W.2d 58. We reverse that part of the judgment awarding damages to Benton and render judgment that she take nothing. We affirm the remainder of the judgment.

Benton's asserted interest in the property originated in a conveyance dated March 5, 1966 from Louella Reynolds Ward to Kenneth R. Fulton and J.A. Fulton, Benton's then-husband and father-in-law, respectively. Although Benton's name did not appear on the deed, it is undisputed that she and Kenneth Fulton were married at the time and there was no evidence to rebut the community property presumption. By deed dated July 20, 1973, Kenneth Fulton purported to convey his undivided one-half interest in the property to J.A. Fulton. Several weeks later, Benton filed for divorce from Kenneth Fulton. The divorce was granted on April 20, 1974. The decree of divorce recited in pertinent part as follows:

[W]hile no adjudication has been made as to the title to the [property in question], all right, title and interest of Kenneth R. Fulton and Lynda Fulton in the following described realty is hereby set aside and awarded to Lynda Fulton as her sole and separate property.

On April 12, 1976, J.A. Fulton conveyed the property to Kenneth Fulton. Benton never received a deed to the property nor obtained a judgment as a result of which she was to receive a conveyance from either J.A. Fulton or Kenneth Fulton covering the property in question.

The record reflects that sometime in 1982 Benton's attorney notified Sun that Benton was claiming an interest in the property in question. Late in 1982, Benton was contacted, through her attorney, by Robin Gabriel, an independent land man acting at the direction of Sun. Gabriel testified at trial that Sun was interested in acquiring a lease from Benton because they felt that Benton might have an interest in the property as a result of her marriage to Kenneth Fulton. Sun had already obtained a lease on the property from Kenneth Fulton that they felt covered the entire property. Gabriel further testified that he was instructed, nevertheless, to buy a "protective lease" from Benton. Gabriel prepared the lease and forwarded it, along with Sun's draft, to Benton's attorney. The lease was executed by Benton and returned to Gabriel and was filed in the deed records of Leon County on December 14, 1982 by Gabriel. The draft was deposited for collection on December 9, 1982 and contained the notation "15 days after sight and upon approval of title." The draft was dishonored within the 15 day period.

Benton filed suit against Sun for breach of contract, wrongful dishonor and for violations of the Deceptive Trade Practices Act (DTPA). See TEX.BUS. & COMM. CODE ANN. §§ 17.41—17.63 (Vernon 1968 and Vernon Pamph.Supp.1986). Sun filed a cross-action alleging that Benton had breached an express warranty of title and covenant of seisin. Sun also sought damages under the DTPA contending that Benton's suit was groundless and brought in bad faith or for the purpose of harassment. Following a trial without a jury, the trial court rendered a judgment that Sun take nothing on its cross-actions and that Benton recover from Sun the amount of the draft plus interest and attorney's fees. The trial court also filed these pertinent findings of fact and conclusions of law:

### Findings

1. Gabriel was acting as Sun Exploration's agent in the transaction with Benton.

2. Sun Exploration authorized Gabriel to purchase the lease from Benton.

3. Gabriel entered into an agreement with Benton to purchase the lease.

4. Sun Exploration recorded the lease on December 14, 1982.

5. Sun Exploration "caused the draft to be returned unpaid" on December 28, 1982.

### Conclusions

1. Benton and Sun Exploration entered into a contract in which Sun Exploration "agreed to purchase" the lease from Benton.

2. Sun Exploration breached the contract by accepting and recording the lease and then refusing to pay Benton the agreed consideration for the lease.

The court of appeals affirmed the trial court's judgment awarding Benton damages for breach of contract.

On appeal, Sun argues that Benton is not entitled to recover for breach of contract as a matter of law because any contract consisted of the lease and the draft, which must be construed together in order to ascertain the intent of the parties. Thus, the provision in the draft, "15 days after sight and upon approval of title," should be construed as a condition precedent to its liability on the draft. We agree. A contemporaneously exchanged draft and deed must be construed together. *Puckett v. Hoover*, 146 Tex. 1, 202 S.W.2d 209, 211 (1947). Here, the language on the face of the draft made Sun's approval of title a condition precedent to formation of the contract. Where the grantee imposes certain conditions precedent to acceptance, title does not pass under the deed until fulfillment of such conditions. *Puckett*, 202 S.W.2d at 211. The draft effectively protected Sun against paying for the property if it disapproved the title.

The court of appeals held that the condition precedent, if any, was waived by Sun's acceptance and recordation of the lease. Although Benton did not plead waiver, the court of appeals held that this issue was tried by implied consent. We do not find it necessary to address the pleading issue because we hold that there was no waiver by Sun. Waiver is an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *Massachusetts Bond & Ins. Co. v. Orkin Exterm. Co.*, 416 S.W.2d 396, 401 (Tex.1967). A condition precedent may be waived, *Kennedy v. McMullen*, 39 S.W.2d 168, 174 (Tex.Civ.App.—Beaumont 1931, writ ref'd), and the waiver of a condition precedent may be inferred from a party's conduct. *Ames v. Great Southern Bank*, 672 S.W.2d 447, 449 (Tex.1984). We hold, however, that the mere acceptance and recordation of an oil, gas and mineral lease does not constitute such conduct in-consistent with claiming the right to approve title to the interest conveyed. The effect of recording an instrument is to give "notice to all persons of the existence of the instrument." TEX.PROP. CODE ANN. § 13.002 (Vernon 1984). Moreover, as between the parties to the instrument, recordation cannot alter the rights and obligations of the parties. *See* TEX.PROP. CODE ANN. § 13.001(b) (Vernon 1984). Thus, recordation did not waive any right of Sun to check title in accordance with the language in the draft.

Sun also contends that it is entitled to recover on its counterclaim for breach of the covenants of seisin and warranty of title. As a result of its holding on Sun's waiver of the condition precedent, the court of appeals affirmed the take-nothing judgment of the trial court as to Sun's counterclaim. Although we have held there was no waiver, we hold that Sun has no cause of action for breach of the covenants of seisin and warranty of title because it suffered no damage as a result of the breach. The proper measure of damages for breach of the covenants of seisin and warranty of good title is the consideration paid for the conveyance. *See Texas Military Institute of San Antonio v. Sun Oil Co.*, 112 S.W.2d 329, 332 (Tex.Civ.App.—San Antonio 1938, writ dism'd). Because we have held that Benton take nothing in her suit against Sun, Sun has paid no consideration and has not been damaged by Benton's breach. That portion of the judgment awarding damages to Benton is reversed and judgment is rendered that she take nothing. The remainder of the judgment denying relief to Sun on its counterclaim is affirmed.