CONCURRING OPINION
No. 04-99-00571-CV
In re Michael DAVILA


Original Mandamus Proceeding

Arising from County Court-at-Law No. 2, Bexar County, Texas

Trial Court No. 247415

Honorable Paul Canales, Judge Presiding

Opinion by: Phil Hardberger, Chief Justice

Concurring opinion by: Paul W. Green, Justice

Sitting: Phil Hardberger, Chief Justice

 Alma L. López, Justice

 Paul W. Green, Justice

Delivered and Filed: September 22, 1999

 I agree that the mandamus petition should be conditionally granted, but under the
facts of this case I disagree that relief should be granted on the basis of waiver.
Accordingly, I concur in the result, but do not join the majority opinion.

 The event giving cause to the motion to disqualify Mark Davila, the lawyer
representing the relator in the underlying lawsuit, occurred on December 8, 1998. On March
1, 1999, lawyer Davila withdrew from the case and another lawyer was substituted. On May
26, 1999, lawyer Davila reentered the case by filing a notice of appearance. The motion to
disqualify Davila was filed on June 23, 1999.

 "Waiver is an intentional relinquishment of a known right or intentional conduct
inconsistent with claiming that right." Shepherd v. Bedford, 962 S.W.2d 28, 36 (Tex.1998)
(Hecht, J., concurring and dissenting) (quoting Sun Exploration & Prod. Co. v. Benton, 728
S.W.2d 35, 37 (Tex.1987)). "[Waiver must be clearly established by facts or circumstances
showing an intention by one party to waive and an understanding to that effect by the other."
Id.

 The majority contends the length of time from December 8 to when the motion to
disqualify was filed established a waiver by the town home owners association of its right
to seek lawyer Davila's disqualification. However, during almost three months of that
period of time the lawyer was not involved in the case--he had withdrawn, thereby
removing any need to disqualify him. Only when the lawyer came back into the case did the
owners association once again have reason to seek his disqualification, and it acted within
a month of the lawyer's reappearance.

 These facts do not establish waiver. Applying the definition, the evidence fails to
clearly show that the owners association, by failing to act before it did, intentionally gave
up its right to disqualify lawyer Davila, or that it's conduct was inconsistent with claiming
that right.

 I would instead grant relief on the basis that the record lacks sufficient proof that the
town home owners association would be unreasonably prejudiced by attorney Davila's
continued participation in the lawsuit. While there are very good professional and public
policy reasons to prohibit lawyers from contacting represented opposing parties, a lawyer
who violates that prohibition is not automatically disqualified from further participation in
the case. See In re Users System Services, Inc., 42 Tex. Sup. Ct. J. 836, 838 (June 24,
1999). Before a lawyer selected by a party can be disqualified from representing that party
at the behest of his opponent, there must be convincing proof that the lawyer's continued
participation in the case would be unduly harmful to the opposing party. I have not seen that
proof in this record. For that reason I would grant conditional mandamus relief.


 PAUL W. GREEN

 Justice


DO NOT PUBLISH