NUMBER 13-99-654-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________

ENCINA PARTNERSHIP, Appellant,


v.


CORENERGY, L.L.C., Appellee.

__________________________________________________________________


On appeal from the 24th District Court of Goliad County, Texas.

__________________________________________________________________


O P I N I O N

Before Justices Hinojosa, Yañez, and Chavez (1)

Opinion by Justice Yañez


Encina Partnership appeals from a directed verdict rendered in favor of COREenergy, L.L.C. We affirm.

Background

COREnergy engages in oil and gas exploration in Texas. COREnergy hires "landmen" to research potential properties for
exploration. A landman investigates property records to determine who owns mineral interests in areas targeted for
exploration, then arranges for the owners of the mineral interests to sign a permit to allow COREnergy to do seismic testing
on properties which have the potential for containing oil and gas reserves. When an owner signs the permit, the landman
issues a draft for the amount of money to be paid to the owner if COREnergy accepts the permit. When COREnergy
accepts a permit, it pays the draft.

In December of 1997, COREnergy began to recruit landmen to research an area that COREnergy believed to have potential
for oil and gas development. In 1998, a landman working for COREnergy determined that Encina owned a 1/8 mineral
interest in part of the area being investigated. Another company was already negotiating with Encina; however, no contract
had been signed. A landman employed by COREnergy contacted Daniel Gustafson, Encina's managing general partner,
and negotiated for a permit for COREnergy to enter the land and do seismic testing on the property in which Encina held its
mineral interest. (2) COREnergy was to pay forty-five dollars an acre for the land, which was an unusually good price for a
1/8 mineral interest. Three drafts were issued; two of them, for a total value of $192,240, to be paid to "Encina Partnership
by Daniel Gustafson, Managing General Partner," the third, for a value of $5,000, to be paid to Gustafson individually. The
day after the drafts were issued, COREnergy refused to pay them.

Encina filed suit against COREnergy, alleging causes of action including breach of contract and fraud, and arguing that
COREnergy was estopped to deny the existence of its obligation. The case was tried before a jury. At the close of Encina's
case, COREnergy moved for a directed verdict on the contract claims, arguing that the contract claims were the only claims
Encina included in its proposed charge to the jury. After hearing argument, the trial court stated that it was overruling the
motion, although it might reconsider the motion in the future. COREnergy presented its case and the jury was charged. (3)
After deliberation, the jury was unable to reach a verdict on the case and was discharged by the trial court on July 2, 1999.
COREnergy filed an amended motion for directed verdict on July 26, 1999. On July 30, 1999 the trial court held a hearing
on COREnergy's motion for directed verdict and granted the motion with an order stating that Encina take nothing on its
claims. Encina filed a motion for new trial, which was denied.

Encina challenges the trial court's judgment, arguing that the trial court erred by; 1) granting COREnergy's motion for
directed verdict, and 2) failing to grant a mistrial following the discharge of the jury.



The Directed Verdict Standard of Review

A directed or instructed verdict is proper when: (1) a specifically indicated defect in the opponent's pleadings makes it
insufficient to support a judgment; (2) the evidence conclusively proves a fact that establishes a party's right to judgment as
a matter of law; or (3) the evidence offered on a cause of action is insufficient to raise an issue of fact. City of Alamo v.
Casas, 960 S.W.2d 240, 248 (Tex. App.--Corpus Christi 1997, pet. denied); Nelson v. American Nat'l Bank of Gonzales,
921 S.W.2d 411, 414 (Tex. App.--Corpus Christi 1996, no writ). When reviewing a directed verdict, we consider all the
evidence in the light most favorable to the party against which the verdict was rendered and disregard all contrary evidence
and inferences. Quantel Bus. Sys. v. Custom Controls, 761 S.W.2d 302, 303-04 (Tex. 1988); Villarreal v. Art Inst. of
Houston, 20 S.W.3d 792, 796 (Tex. App.-Corpus Christi 2000, no pet.). When no evidence of probative force on an
ultimate fact element exists, the trial court has the duty to instruct the verdict. Villarreal, 20 S.W.3d at 796; Nelson, 921
S.W.2d at 415. A reviewing court may affirm a directed verdict even if the trial court's rationale for granting the directed
verdict is erroneous, provided the verdict can be supported on another basis. Villarreal, 20 S.W.3d at 796.

The Basis of the Directed Verdict

In its amended motion for directed verdict, COREnergy argued that there was no contract between COREnergy and Encina,
either because there was a lack of mutuality or because a condition precedent to the formation of the contract had not been
performed. (4) COREnergy relied upon Spellman v. Lyons Petroleum, Inc., 709 S.W.2d 295 (Tex. App.-Houston [14th
Dist.] 1986, no writ), to support its mutuality argument, while citing to Sun Exploration and Prod. Co. v. Benton, 728
S.W.2d 35 (Tex. 1987), to support its claim that a condition precedent had not been performed. We find Sun Explorationto
be controlling in the case now before this Court and we hold that there is no enforceable contract between COREnergy and
Encina.

In Sun Exploration, a land man contacted Benton to obtain a lease. Sun Exploration, 728 S.W.2d at 36. Benton executed a
lease, which was filed in the deed records for Leon County on December 14, 1982, and a draft was deposited for collection
on December 9, 1982. Id. The draft contained the provision "15 days after sight and upon approval of title." Id. Sun
dishonored the draft within the fifteen day period. Id. On appeal, Sun argued that Benton was not entitled to recover for
breach of contract as a matter of law, because if any contract existed, it consisted of the lease and draft, both of which
would have to be construed together to ascertain the intent of the parties. Id. at 37. Sun argued that, as a result, the
provision in the draft, "15 days after sight and upon approval of title," constituted a condition precedent to Sun's liability on
the draft. Id.

The supreme court agreed, stating:

A contemporaneously exchanged draft and deed must be construed together. Here, the language on the face of the draft
made Sun's approval of title a condition precedent to formation of the contract. Where the grantee imposes certain
conditions precedent to acceptance, title does not pass under the deed until fulfillment of such conditions. The draft
effectively protected Sun against paying for the property if it disapproved the title. 


Id. (citations omitted).

The facts in the instant case are remarkably similar to those in Sun Exploration. Encina, through its managing general
partner, signed a permit to allow COREnergy to conduct seismic testing on the Encina ranch on June 18, 1998. Three
drafts were deposited, each containing the notation "[o]n approval of seismic permit or lease described hereon and on
approval of title to same by drawee not later than 3 days after the arrival of this draft at collecting bank." COREnergy
dishonored the drafts within three days of the drafts arriving at the collecting bank.

We find that the language on the face of the drafts renders COREnergy's approval of the seismic permit a condition
precedent to the formation of the contract with Encina. If COREnergy disapproved of the permit, it was protected from
paying for the permit to conduct testing on the Encina ranch. Encina is not entitled, as a matter of law, to recover for
breach of contract because the condition precedent to the formation of the contract did not occur. The trial court did not err
by granting a directed verdict for COREnergy. Appellant's first issue is overruled.

The Mistrial

In its second issue on appeal, Encina argues that the trial court erred by not granting a mistrial at the time that the court
determined that the jury could not reach a verdict. When a jury is unable to agree upon a verdict and has been discharged,
but no order of mistrial has been entered, the trial judge may reconsider and act upon a motion for instructed verdict.
Nelson v. Data Terminal Systems, Inc., 762 S.W.2d 744, 748 (Tex. App.-San Antonio 1988, writ denied); Clevenger v.
Liberty Mutual Ins. Co., 396 S.W.2d 174, 176 (Tex. Civ. App.-Dallas 1965, writ ref'd n.r.e.). Encina's second issue is
overruled.

The judgment of the trial court is AFFIRMED.



LINDA REYNA YAÑEZ

Justice



Publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this the

21st day of June, 2001.

1. Retired Justice Melchor Chavez assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. The property in which Encina owns its 1/8 interest is the Encina Ranch. Encina owns the surface of this property, which
consists of approximately 4,272 acres; however 7/8 of the mineral interest to this ranch is held by another entity which is
not a party to this suit.

3. The charge to the jury, as requested by Encina, only addressed Encina's breach of contract claims.

4. The trial court's order granting the directed verdict does not specify which basis it relied upon in making its ruling.