# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20556

CARLOS FERRARI,

United States Court of Appeals
Fifth Circuit

**FILED**

November 7, 2018

Plaintiff - Appellant

Lyle W. Cayce
Clerk

v.

AETNA LIFE INSURANCE COMPANY,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-1660

Before HIGGINBOTHAM, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

This case asks us to consider the narrow question of whether a contract between an insurer and a physician bars recovery of attorneys' fees. Dr. Ferrari, an in-network physician with Aetna Life Insurance Company ("Aetna") sued Aetna for breach of an Independent Practice Association Agreement (the "IPA") and violations of the Texas Insurance Code. Ferrari appeals the district court's decision that the IPA precluded him from

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20556

recovering attorneys' fees pursuant to Section 38.001 of the Texas Civil Practice and Remedies Code. Finding that the IPA does not bar Ferrari's attorneys' fees claim, we reverse and remand.

I.

This dispute arises over an alleged breach of contract. Under the terms of the IPA, Aetna agreed to pay participating physicians' medical claims for covered services provided to Aetna's insureds. Ferrari's complaint alleges that Aetna underpaid or failed to pay eight claims for medical benefits adjudicated by Aetna as a third-party claims administrator. Aetna moved for summary judgment on all claims which the district court granted in part, allowing contract claims related to three patients to go forward. The district court also granted summary judgment for Aetna on the issue of attorneys' fees, reasoning that the contractual language limited each party's liability to "actual damages." Shortly thereafter, Ferrari requested clarification of the court's order regarding attorneys' fees, stating that he interpreted the court's order to preclude incidental attorneys' fees under the contract but to allow Ferrari to recover statutory fees under Texas Civil Practice and Remedies Code § 38.001. Ferrari argued that attorneys' fees under that provision were statutory, not incidental, and that the contract's limitation on incidental damages was not sufficient to waive Ferrari's right to collect statutory attorneys' fees.

The district court issued the requested clarification, stating "Dr. Ferrari is not entitled to recover attorneys' fees because the contract in question governs recovery for its breach and does not provide for attorneys' fees." After the district court issued its clarification, Aetna moved for summary judgment on one of the three remaining claims, which the court allowed, and Ferrari accepted Aetna's offer of judgment on the two remaining claims. This appeal followed.

2

No. 17-20556

The relevant contractual language appears in Section 9.4, governing "Liability":

> [E]ither Party's liability, if any, for damages to the other Party for any cause whatsoever arising out of or related to this Agreement, and regardless of the form of the action, shall be limited to the damaged Party's actual damages. Neither Party shall be liable for any indirect, incidental, punitive, exemplary, special or consequential damages of any kind whatsoever sustained as a result of a breach of this Agreement or any action, inaction, alleged tortuous conduct, or delay by the other party.

One other section of the contract governs attorneys' fees, in the context of arbitration. Section 8.3.5 directs that an arbitrator may award only monetary relief and that "[e]xcept as otherwise provided in this Agreement, each Party shall bear all other fees and expenses it incurs, including all filing, witness, expert witness, transcript, and attorneys' fees." There is no companion provision specifically encompassing attorneys' fees in the litigation context.

II.

The primary issue on appeal is whether the district court erred in concluding that Ferrari is not entitled to attorneys' fees under Section 38.001 of the Texas Civil Practice and Remedies Code. Aetna also contends that Ferrari waived his argument that the contract was not specific enough to preclude statutory attorneys' fees because he did not raise it until his motion for clarification. Because the waiver argument is easily dispensed with, we begin there.

A.

On appeal, Ferrari argues that the contractual language in the IPA precluding incidental damages is not sufficiently specific to interfere with his statutory right to recover attorneys' fees under Section 38.001. Aetna suggests that Ferrari waived that argument by failing to raise it until he filed his request for clarification of the district court's summary judgment order. In

No. 17-20556

his initial response to Aetna's motion for summary judgment, Ferrari opposed Aetna's position on attorneys' fees on the grounds that a contractual provision that eliminates a plaintiff's statutory right to recover attorneys' fees is unenforceable under Texas law because it is unconscionable and violates public policy. In his request for clarification, Ferrari changed his tune, contending that the contractual language limiting incidental damages was not specific enough to bar his right to recover statutory damages under Section 38.001.

Aetna is correct that a party ordinarily forfeits an argument that is raised for the first time in a motion for reconsideration in the district court.[1] However, there is an exception to that general rule. A new argument raised in a motion for reconsideration is preserved for appeal if the district court addresses the merits of the argument.[2] That exception comports with the well-settled understanding that the scope of appellate review is limited to matters actually presented to the district court.[3] In other words, if a party wishes to preserve an appellate issue, the "argument must be raised 'to such a degree that the district court has an opportunity to rule on it.'"[4] Here, the issue was briefed in the request for clarification and the district court chose to address the merits of Ferrari's argument that the contract was not sufficient to waive statutory damages, determining that Ferrari was not

---

[1] *U.S. Bank Nat'l Ass'n v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 425 (5th Cir. 2014) ("This court will typically not consider an issue or a new argument raised for the first time in a motion for reconsideration in the district court.").

[2] *Am. Elec. Power Co. v. Affiliated FM Ins. Co.*, 556 F.3d 282, 287 (5th Cir. 2009) ("Because the district court considered the merits of the Rule 59(e) motion and still granted summary judgment, we review the . . . issue under the familiar summary-judgment standard of *de novo*."); *see also Murchison Cap. Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 621–22 (5th Cir. 2015) (holding that an argument made for the first time in a Rule 59(e) motion was preserved because the district court considered the merits of the argument).

[3] *Keenan v. Tejeda*, 290 F.3d 252, 262 (5th Cir. 2002).

[4] *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 340 (5th Cir. 2005) (citing *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 n.4 (5th Cir. 1996)).

No. 17-20556

entitled to recover attorneys' fees. Accordingly, that issue was preserved for appellate review.

## B.

We now turn to the proper interpretation of the IPA. Under Texas law, a party cannot recover attorneys' fees unless authorized by statute or contract.[5] Section 38.001 of the Texas Civil Practice and Remedies Code provides for the recovery of reasonable attorneys' fees in a claim for breach of contract.[6] The existing laws governing remedies at the time the contract is entered into become part of the contract.[7] However, statutory rights can be waived by contract.[8] Accordingly, Section 38.001 is incorporated into the contract unless it has been waived.

The question of whether the IPA was sufficient to waive Ferrari's right to recover statutory attorneys' fees turns on the interpretation of Section 9.4's limitation precluding either party from recovering "incidental" damages.[9] Aetna contends that the limiting language in Section 9.4—barring "any

---

[5] *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310 (Tex. 2009) ("This rule is so venerable and ubiquitous in American courts it is known as 'the American Rule.'") (citations omitted).

[6] Tex. Civ. Prac. & Rem. Code § 38.001.

[7] *Kierstead v. City of San Antonio*, 643 S.W.2d 118, 121 (Tex. 1982) ("It has been the long held opinion of this Court that '[t]he laws, at least as to substantial rights and remedies, existing at the time of a contract is made become a part of the contract.'" (citing *Langever v. Miller*, 76 S.W.2d 1025, 1026–27 (Tex. 1934))).

[8] *Moayedi v. Interstate 35/Chisam Road, L.P.*, 438 S.W.3d 1, 6 (Tex. 2014) ("In general, parties may waive statutory and even constitutional rights.").

[9] While Aetna cites also cites Section 8.3.5 of the IPA which precludes an arbitrator from awarding attorneys' fees to the prevailing party following an arbitration, Aetna does not advance any argument explaining why we should consider a provision pertaining to arbitration here, in the litigation context. Notably, the contract contains no companion provision limiting the recovery of attorneys' fees following a determination of liability in litigation. We decline to apply a provision governing arbitration to this litigation context where such a reading conflicts with the plain meaning of the contract's terms. *Great Am. Ins. Co. v. Primo*, 512 S.W.3d 890, 892 (Tex. 2017) ("We have repeatedly affirmed that every contract should be interpreted as a whole and in accordance with the plain meaning of its terms.").

5

indirect, incidental, punitive, exemplary, special or consequential damages of any kind whatsoever sustained as a result of a breach of [the IPA]"—clearly evinces an intent to prevent the recovery of attorneys' fees. Aenta also asserts that contracting parties are not required to cite by name every statute under which the parties intend to waive their rights to recovery and that it would be impracticable to do so.

Although the Texas Supreme Court has not considered the specific issue of whether a limitation on incidental damages is sufficiently specific to effectuate a waiver of statutory attorneys' fees under Section 38.001, a panel of this court and intermediate appellate courts to decide the issue have found such a limitation insufficient.[10] In *Texas National Bank*, this court considered whether a contract between a debtor and a creditor, which gave the creditor a security interest in a certificate of deposit worth $80,000, was sufficient to waive the creditor's right to statutory attorneys' fees.[11] Prevailing in a breach of contract action, the creditor argued that it was entitled to attorneys' fees under Section 38.001.[12] The debtor attempted to limit his liability for attorneys' fees, contending that a provision of the contract limiting his liability to $80,000 (the value of the CD) precluded the award of additional fees.[13] This court disagreed.[14] Because the limiting contractual provision "d[id] not *specifically* preclude [creditor's] statutory claim to an award of attorney's fees under Section 38.001," it did not waive the creditor's right to

---

[10] *See Tex. Nat'l Bank v. Sandia Mortg. Corp.*, 872 F.2d 692, 701 (5th Cir. 1989); *see also Herring v. Heron Lakes Estates Owners Ass'n, Inc.*, No. 14-09-00772-CV, 2011 WL 2739517, at *5–6 (Tex. App. Jan. 4, 2011); *Bank of Am., N.A. v. Hubler*, 211 S.W.3d 859, 866 (Tex. App. Jan. 4, 2011), *judgm't vacated w.r.m.*

[11] *Tex. Nat'l Bank*, 872 F.2d at 694.

[12] *Id.* at 697.

[13] *Id.* at 700.

[14] *Id.* at 701.

recovery.[15] Intermediate appellate courts and other federal courts in this circuit that have considered the issue have adopted that position.[16] So, while the Texas Supreme Court has not spoken to this specific question, we look to other courts for guidance to determine, "in our best judgment, how we believe that court would resolve the issue."[17] We decline to assume that the state's highest court would come out differently than other authority on the subject.

Furthermore, we note, as we did in *Texas National Bank*, that such a holding comports with the broader principle under Texas law that waiving statutory or contractual rights requires specificity because "[w]aiver is an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right general."[18] To be effective, an intentional waiver of a right must be "clear and specific."[19] The broad waiver in the IPA at issue here is not sufficiently pointed to effectuate a waiver of Ferrari's rights under Section 38.001. The incidental damages limitation is inadequate to inform the contracting parties that the contract bars statutory attorneys' fees and, therefore, cannot constitute a knowing waiver.

---

[15] *Id.* ("Without greater specificity, no valid waiver can occur because the party giving up the right does not know what he or she is relinquishing.").

[16] *See e.g.*, *Herring*, 2011 WL 2739517, at \*6 (holding that a settlement agreement stating that parties would bear their own attorney's fees incurred in the negotiation and settlement was not specific enough to bar recovery of attorneys' fees incurred to enforce the settlement agreement); *Heliflight, Inc. v. Bell/Agusta Aerospace Co. LLC*, No. 4:06-CV-425-A, 2007 WL 4373259, at \*2–3 (N.D. Tex. Dec. 12, 2007) (finding that a purchase agreement barring "incidental damages" was insufficient to constitute a waiver of statutory attorneys' fees under Section 38.001).

[17] *ExxonMobil Corp. v. Electrical Reliability Servs., Inc.*, 868 F.3d 408, 414 (5th Cir. 2017) (citing *Boyett v. Redland Ins. Co.*, 741 F.3d 604, 607 (5th Cir. 2014)); *Howe v. Scottsdale Ins. Co.*, 204 F.3d 624, 627 (5th Cir. 2000) ("In making an Erie guess in the absence of a ruling from the state's highest court, this Court may look to the decisions of intermediate appellate state courts for guidance.").

[18] *Sun Exploration & Prod. Co. v. Benton*, 728 S.W.2d 35, 37 (Tex. 1987).

[19] *Moayedi*, 438 S.W.3d at 6.

No. 17-20556

III.

Finding that the IPA is insufficient to limit statutory attorneys' fees under Section 38.001, we reverse and remand to the district court for a determination of appropriate fees under that statute.