In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00407-CV**
_____

**MICHAEL SCOTT NIX, Appellant**

**V.**

**CITY OF BEAUMONT, TEXAS, Appellee**

**On Appeal from the 172nd District Court**
**Jefferson County, Texas**
**Trial Cause No. E-201,849**

**MEMORANDUM OPINION**

Appellant Michael Scott Nix brings this interlocutory appeal from the trial court's order granting the City of Beaumont, Texas's ("the City") plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2018). We affirm the trial court's order dismissing Nix's claims against the City.

1

## Background

On June 1, 2018, Nix filed a petition seeking declaratory and equitable relief against the City based on his indefinite suspension from his position as a firefighter. In his request for declaratory relief, Nix stated that the Collective Bargaining Agreement ("CBA") between the Beaumont Firefighters Local 399 ("Union") and the City is invalid because the City failed to comply with the posting requirement as required by section 551 of the Texas Government Code. Nix alleged that his employment contract with the City is also invalid because the City failed to post the CBA. On April 20, 2015, Nix entered into a Settlement Agreement ("Agreement") with Beaumont Fire Chief, Ann Huff ("Chief"), and the Union. According to Nix, because the Agreement is a modification of his invalid employment contract, the Agreement is void.

Nix further alleged that because there was no lawful contractual basis for his indefinite suspension on September 13, 2017, his suspension was without any legal basis. Nix requested that the trial court find that his suspension is void and order the City to reinstate him as a firefighter and restore any lost benefits and compensation he sustained as a result of his suspension. Nix also requested declaratory relief because the City had deprived him of his constitutionally protected property and liberty interests in his employment without due process of law. Nix requested a

2

declaration that he was unlawfully, indefinitely suspended from his position as a firefighter for the City. Nix attached exhibits to his petition, which include the 2015 Agreement, the Standard Operating Guidelines for the City's Fire-Rescue Services, the Union's Grievance Procedure, the 2017 Statement of Action in the Matter of the Disciplinary Suspension of Nix, and the Rules and Regulations concerning sick and off-duty injury leave for the City's Fire-Rescue Services.

According to the standard operating guidelines for the City's Fire-Rescue Services, upon written agreement between the Chief and an employee who is to receive an indefinite suspension without pay (termination), the Chief may hold some or all of the suspension in abeyance, and the Chief and the employee must agree to and sign a settlement agreement, which will include consequences to the employee for future policy violations within a specified time period. When an employee accepts a settlement agreement to participate in the abeyance program, the employee "must agree to waive any and all further administrative or judicial remedies regarding the indefinite suspension."

The Agreement stated that on April 2, 2015, the Chief indefinitely suspended Nix from his employment with the Fire Department, and Nix disputed the suspension and was represented by the Union in settling the dispute. Nix agreed to immediately serve a ninety-day suspension without pay beginning April 2, 2015, and ending on

June 30, 2015, and Nix agreed that the remainder of the indefinite suspension initially imposed by the Chief would be held in abeyance pending Nix's strict compliance with the terms and conditions of the Agreement. The Agreement provided that, among other things, "[b]etween April 2, 2015, and April 2, 2017, Nix shall have no sustained violations of the Fire Department's rules and regulations referencing code of conduct and/or social media."

According to the Agreement, should Nix violate any terms of the Agreement before April 2, 2017, the Chief, in her sole discretion, could determine that Nix had violated the Agreement and reinstate Nix's indefinite suspension, and the Agreement states that "Nix hereby waives all rights to appeal the Chief's decision to an independent hearing examiner or the Civil Service Commission." The Agreement further provides that Nix "waives all rights he may have to file suit against the Chief or the City, its employees, agents or representatives, relative to any issue directly or indirectly related to this Agreement and/or his indefinite suspension." Nix also waived his right to appeal the Chief's decision to indefinitely suspend his employment as of April 2, 2015, as well as his right to appeal the terms and conditions of the Agreement. The Union agreed to all the terms and conditions of the Agreement, including Nix's waiver of his right to appeal the Chief's 2015

decision to terminate Nix and the terms and conditions of the Agreement, and any right to appeal in the future if the Chief determines Nix violated the Agreement.

The Agreement included language assuring its finality, as Nix and the Union, jointly and severally, agreed to indemnify and hold harmless the Chief, the City, and the City's employees, agents, and representatives, from any and all claims, demands, actions, causes of action, damages, attorney's fees, and costs of court of whatever nature or character which have been or may hereinafter be asserted by any person, firm, or corporation, whomsoever claiming by, through, or under Nix, resulting from or in any manner connected with the Agreement or Nix's 2015 indefinite suspension. The Agreement further provides that Nix would hold harmless the Chief, the City, and the City's employees, agents, and representatives if the Chief reinstated Nix's indefinite suspension.

The statement of action in the disciplinary suspension of Nix provides that on September 13, 2017, Nix was indefinitely suspended for disciplinary purposes due to violating (1) section 143.051 of the Local Government Code, (2) the City's Rules of the Firemen and Policemen Civil Service Commission, and (3) the City's Fire/Rescue Service Rules, Regulations, or Special Orders. *See* Tex. Loc. Gov't Code Ann. § 143.051(6), (8), (12) (West 2008). In the statement of action, the City alleged that Nix violated state and local civil service and fire department rules,

5

regulations, and guidelines by violating sick leave regulations, and the City alleged that the instances of sick leave abuse occurred within the period covered by the Agreement.

The City filed a plea to the jurisdiction, arguing that (1) Nix's claims are barred by sovereign immunity, (2) his constitutional claims are not ripe and lack merit, and (3) Nix failed to exhaust his administrative remedies. According to the City, the trial court lacks jurisdiction because Nix is currently appealing his termination before the Civil Service Commission ("Commission"), and the Commission has not rendered a final decision. Attached as an exhibit to its plea is an email that Nix's counsel sent to the City's personnel director, in which Nix's counsel indicated that Nix wanted to continue the hearing with the Commission. In the email, Nix's counsel also asserted that Nix's lawsuit addresses constitutional issues and not the contract issues that were before the Commission.

In its plea, the City maintained that the basis of Nix's lawsuit is to challenge his indefinite suspension by asserting that the CBA and the Agreement are invalid because they were not posted, which is the same argument that Nix is making to the Commission. The City asserted that Nix's argument that the CBA is invalid is without merit, and the City attached an exhibit to its plea, which contains the CBA (hereinafter referred to as "CBA 2015-2020"), which is effective October 1, 2015,

6

through September 20, 2020, and the posted notices for the negotiations of the CBA 2015-2020. The City also maintained that because the Agreement was not a contract amendment, it was not required to be posted. According to the City, Nix's claim that the City deprived him of his constitutionally protected interests without due process of law is not ripe, and Nix cannot seek relief from the district court until Nix exhausts his administrative remedies by obtaining a final decision from the Commission. The City further argued that Nix's claims are barred by sovereign immunity because Nix's declaratory judgment action requesting that the City reinstate him with full compensation for actual time lost is a claim for monetary damages.

In response to the City's plea, Nix filed a supplemental petition requesting declaratory and equitable relief and asserting that the trial court has jurisdiction because his request for relief did not involve a tort claim, contract claim, or a claim for monetary relief. Nix argued that the relevant CBA was the CBA 2012-2015 that was in effect when Nix signed the Agreement, and Nix requested that the trial court declare the CBA 2012-2015 and the Agreement void because the City failed to comply with the posting requirements of the Texas Open Meetings Act ("TOMA"). Nix argued that because the City had failed to provide any posted notices for the negotiations of the CBA 2012-2015 or the Agreement, neither was in effect when the City indefinitely suspended him in 2017. Nix maintained that his 2017 indefinite

7

suspension was based on the void CBA 2012-2015 and the void Agreement, and he asked the trial court to reinstate Nix to his position as a firefighter; order the City to restore any benefits Nix lost as a result of his suspension, including sick leave, vacation leave, and service benefits; and order the City to provide Nix with full compensation for the actual time lost at the rate of pay provided for his position.

Nix further alleged that the City had violated his constitutionally protected property interests without due process of law by basing his 2017 indefinite suspension on the void CBA 2012-2015 and his Agreement. Nix argued that the City is not immune from suits seeking equitable relief for alleged violations of the Texas Constitution, and that the district court has jurisdiction to order his reinstatement.

On August 29, 2018, the trial court conducted a hearing on the City's plea to the jurisdiction, and counsel for the City argued that Nix had initiated a Commission hearing, which had been reset several times, and after Nix filed his petition, Nix's counsel indicated that Nix wanted to continue with the Commission hearing. According to the City, the Civil Service Rules prohibit Nix from appealing to the district court until the Commission hearing has concluded and Nix receives an adverse ruling. The City maintained that when it filed its plea, the Commission hearing had a tentative date of August 13, 2018, which had to be rescheduled due to scheduling conflicts, and that the parties had been trying to agree to a new date.

8

Counsel for the City also argued that Nix's declaratory judgment action is premature and is a claim for monetary damages, which cannot be brought against the City. Regarding Nix's allegation that the CBA in question is void or voidable, the City maintains that it presented evidence showing that the relevant CBA was posted, and the City argued that the postings are presumed to be correct and that Nix had failed to show otherwise.

Nix's counsel argued that the Commission hearing concerning the contractual claim was concluded in May 2018, and although the City asked that the matter be kept open until it could present additional testimony, section 143 of the Local Government Code does not allow the City to postpone the proceeding indefinitely. Nix's counsel argued that the suit was an equitable action based on the City having violated Nix's constitutional rights and did not involve a contract issue, and counsel explained that he filed an amended petition seeking declaratory and equitable relief to ensure that the City understood that Nix was not seeking any damages. Nix's counsel further argued that the City did not possess immunity from liability for violations of the Texas Constitution because the guarantees found in the Bill of Rights are excepted from the general powers of the government. According to Nix's counsel, the trial court has jurisdiction to consider Nix's equitable claim because it

is based upon his claimed constitutional violations, and Nix is seeking the equitable remedy of reinstatement.

Nix's counsel also argued that the 2015 Agreement is void because the City never posted the Agreement or the CBA 2012-2015, which covered the relevant time period when Nix signed the Agreement in April 2015. According to Nix's counsel, the City presented evidence showing that the CBA 2015-2020, which became effective in September 2015, had been posted, but Nix's counsel argued that the CBA 2015-2020 was not the relevant CBA. Nix's counsel further argued that the City failed to show that the CBA 2012-2015 had been posted.

The City argued that the Agreement is an abatement agreement that Nix voluntarily accepted with no right to appeal, and the City was not required to post the Agreement because it was not an amendment to the CBA. According to the City, the CBA 2012-2015 does not apply because Nix is appealing his 2017 termination under the CBA 2015-2020, which is the current CBA. The trial court granted the City's plea to the jurisdiction and dismissed Nix's claims against the City with prejudice, and Nix appealed.

## Standard of Review

Governmental immunity protects governmental units of the State from suit. *See Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). Unless

a governmental unit has consented to suit, a trial court lacks subject-matter jurisdiction to consider a claim against it. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003); *see also Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004). The plaintiff must plead facts that affirmatively demonstrate that governmental immunity has been waived and the trial court has subject-matter jurisdiction. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007); *Miranda*, 133 S.W.3d at 226, 228. Whether subject-matter jurisdiction exists is a question of law, and we review the trial court's ruling on a plea to the jurisdiction *de novo*. *Holland*, 221 S.W.3d at 642; *Miranda*, 133 S.W.3d at 226, 228.

When a plea to the jurisdiction challenges the existence of jurisdictional facts, an appellate court must consider relevant evidence submitted by the parties to determine if a fact issue exists, as the trial court must do. *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009); *Miranda*, 133 S.W.3d at 226-27. We take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Miranda*, 133 S.W.3d at 228. "If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder." *Id*. at 227-28. "However, if the relevant evidence is undisputed or fails

11

to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." *Id*. at 228.

## Analysis

In three issues on appeal, Nix argues that the trial court erred in granting the City's plea to the jurisdiction. In issues one and two, Nix contends that the trial court has jurisdiction of his suit for declaratory and equitable relief against the City for violating the notice and posting requirements of TOMA, because TOMA provides a limited waiver of immunity for violations of its provisions and authorizes suits against governmental bodies seeking declaratory relief based on TOMA violations. According to Nix, the trial court has subject matter jurisdiction to declare that the CBA 2012-2015 and the Agreement are voidable because the City failed to comply with section 174.108 of the Texas Local Government Code and section 551.001 of the Texas Government Code. *See* Tex. Loc. Gov't Code Ann. § 174.108 (West 2016); Tex. Gov't Code Ann. § 551.001 (West Supp. 2018); *see also* Tex. Gov't Code Ann. § 551.141 (West 2017). The City maintains that the trial court did not err in granting its plea, because the CBA 2012-2015 is not the relevant agreement, and the City provided evidence that the CBA 2015-2020 had been posted. The City further argued that it was not required to post the Agreement.

Chapter 174 of the Texas Local Government Code is referred to as The Fire and Police Employee Relations Act, and it provides firefighters and police officers the right to organize for collective bargaining, which is "a fair and practical method for determining compensation and other conditions of employment." Tex. Loc. Gov't Code Ann. §§ 174.001, 174.002(b) (West 2016). A collective bargaining agreement is binding and enforceable against a public employer, an association, and a firefighter covered by the agreement. *Id.* § 174.109 (West 2016). Section 174.108 requires that "[a] deliberation relating to collective bargaining between a public employer and an association, a deliberation by a quorum of an association authorized to bargain collectively, or a deliberation by a member of a public employer authorized to bargain collectively shall be open to the public and comply with state law." *Id.* § 174.108. Chapter 174 waives sovereign or governmental immunity from suit and liability, but only to the extent necessary to enforce the chapter against a public employer. *Id.* § 174.008 (West 2016).

The intent of TOMA is to provide public access and to increase public knowledge of government decision making. *Tex. State Bd. of Pub. Accountancy v. Bass*, 366 S.W.3d 751, 759 (Tex. App.—Austin 2012, no pet.). TOMA waives immunity for violations of its provisions and authorizes a suit against a governmental body. *City of Donna v. Ramirez*, 548 S.W.3d 26, 35 (Tex. App.—Corpus Christi

13

2017, pet. denied); *see* Tex. Gov't Code Ann. § 551.141. TOMA requires a governmental body to conduct its business in meetings that are open to the public and to provide "written notice of the date, hour, place, and subject of each meeting held by the governmental body." *See* Tex. Gov't Code Ann. § 551.002 (West 2017); *see also* Tex. Gov't Code Ann. § 551.002. Notice is sufficient when it informs the reader that the governmental body will consider some action regarding a topic. *Ramirez*, 548 S.W.3d at 35. An action taken by a governmental body in violation of TOMA is voidable. Tex. Gov't Code Ann. § 551.141. TOMA does not require a governmental body to conduct an open meeting to deliberate the employment, discipline, or dismissal of a public employee unless the employee requests a public hearing. Tex. Gov't Code Ann. § 551.074(a)(1), (b) (West 2017).

When a department head suspends a firefighter for violating a civil service rule, the suspension may be for a reasonable period not to exceed fifteen calendar days or for an indefinite period. Tex. Loc. Gov't Code Ann. § 143.052(b) (West 2008). The firefighter may agree in writing to voluntarily accept, with no right of appeal, a suspension of sixteen to ninety days for violating a civil service rule, or he can refuse the offer and appeal to the Commission. *Id.* § 143.052(g). If the suspended firefighter appeals his disciplinary suspension, the Commission shall hold a hearing and render a written decision within thirty days after the date it receives notice of

appeal, unless the suspended firefighter and the Commission agree to postpone the hearing for a definite period. *Id.* § 143.053(b) (West 2008). When a firefighter is dissatisfied with the Commission's decision, he may file a petition in district court asking that the decision be set aside, and the district court may grant the appropriate legal or equitable relief necessary, including reinstatement with back pay if an order of suspension is set aside. *Id.* § 143.015 (West 2008).

Although Nix is correct that the trial court has subject matter jurisdiction over claims seeking a declaration that an action taken in violation of TOMA is voidable, on this record, we cannot conclude that the trial court erred by granting the City's plea. *See Schmitz v. Denton Cty. Cowboy Church*, 550 S.W.3d 342, 355 (Tex. App.—Fort Worth 2018, pet. denied); *see also* Tex. Gov't Code Ann. § 551.141. The question of whether the City posted the CBA 2012-2015 in accordance with TOMA is not relevant in this appeal, because Nix is appealing his 2017 suspension, which is based on instances of sick leave abuse that occurred in 2017. Accordingly, we agree with the City that the CBA 2015-2020 is the relevant CBA. The City provided evidence showing that the meetings between the City and the Union concerning the negotiation of the CBA 2015-2020 were posted, and Nix does not challenge the sufficiency of the posted notices.

We also agree that the City was not required to conduct an open meeting or provide written notice when it deliberated about Nix's Agreement, because TOMA does not require a governmental body to conduct an open meeting to deliberate the employment, discipline, or dismissal of a public employee unless the employee requests a public hearing. *See* Tex. Gov't Code Ann. § 551.074(a)(1), (b). Importantly, Nix agreed in writing to voluntarily accept his 2015 disciplinary suspension, with no right to appeal the terms and conditions of the Agreement or the Chief's decision to indefinitely suspend his employment in 2015. *See* Tex. Loc. Gov't Code Ann. § 143.052(g). When Nix accepted the Agreement in 2015, he had the opportunity to refuse the Chief's offer and appeal his suspension to the Commission; however, Nix agreed to waive his right to appeal, including the right to appeal the Chief's 2017 decision determining that Nix had violated the Agreement and reinstating his indefinite suspension. *See id.*

Waiver is defined as "an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." *Sun Expl. & Prod. Co. v. Benton*, 728 S.W.2d 35, 37 (Tex. 1987). Based on our review of the Agreement that Nix voluntarily accepted, Nix also agreed to waive all rights he may have to file suit against the City as to any issue directly or indirectly related to the Agreement or to his indefinite suspension. We conclude that the trial court did not err by dismissing

16

Nix's claims seeking a declaration that the CBA 2012-2015 and the Agreement are voidable based on TOMA violations. We overrule issues one and two.

In issue three, Nix contends that the trial court has jurisdiction to declare that the City deprived him of his constitutionally protected liberty and property interests without affording him due process because the Commission failed to issue a written decision on the merits of his appeal as required by section 143.053 of the Texas Local Government Code. *See* Tex. Const. art. I, § 19; Tex. Loc. Gov't Code Ann. § 143.053 (West 2008). When a firefighter who is indefinitely suspended from his duties has the right to appeal the decision, the Commission shall hold a hearing and render a written decision within thirty days after the date it receives notice of appeal, unless the suspended firefighter and the Commission agree to postpone the hearing for a definite time. *See* Tex. Loc. Gov't Code. Ann. §§ 143.052(g), 143.053(b).

The record shows that Nix and the Commission had agreed to postpone the Commission hearing concerning Nix's 2017 indefinite suspension, and after Nix filed his petition complaining about the City having violated his constitutional rights, he informed the City's personnel director that he wanted to continue with the Commission hearing. Because Nix is still in the process of appealing his 2017 indefinite suspension to the Commission, we cannot conclude that the City has denied him due process.

In his brief, Nix correctly states that the City is not immune from suits seeking equitable relief for an alleged violation of the Texas Constitution. *See City of Fort Worth v. Jacobs*, 382 S.W.3d 597, 599 (Tex. App.—Fort Worth 2012, pet. dism'd). According to Nix, the City denied him his constitutional rights by basing his 2017 indefinite suspension on the allegedly void CBA 2012-2015 and the void Agreement. Having already determined that the CBA 2012-2015 is not the applicable CBA and that the CBA 2015-2020 and the Agreement are not void based on TOMA violations, we hold that Nix's argument is without merit.

Nix also argues that he has a valid due process claim because he has an objective vested right to appeal the City's disciplinary action. However, as we have already stated, Nix accepted the Agreement and waived his right to appeal, which included his right to file suit against the City regarding any issue relating to the Agreement or his indefinite suspension. *See Moayedi v. Interstate 35/Chisam Road, L.P.*, 438 S.W.3d 1, 6 (Tex. 2014) (stating that parties may waive statutory rights); *Benton*, 728 S.W.2d at 37. Additionally, Nix specifically agreed that in the event the Chief decides to reinstate his indefinite suspension during the terms of the Agreement, Nix would indemnify and hold harmless the Chief, the City, and the City's employees, agents, and representatives, from future claims or actions founded, in whole or in part, upon constitutional violations. *See* Tex. Loc. Gov't

18

Code. Ann. § 143.052(g); *Moayedi*, 438 S.W.3d at 6 (stating that parties may waive constitutional rights).

We conclude that the trial court did not err by dismissing Nix's claim seeking a declaration that the City deprived him of his constitutionally protected interests without affording him due process. We overrule issue three. Having overruled all of Nix's issues, we conclude that the trial did not err by granting the City's plea to the jurisdiction. Accordingly, we affirm the trial court's order dismissing Nix's claims against the City.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on July 9, 2019
Opinion Delivered October 3, 2019

Before McKeithen, C.J., Horton and Johnson, JJ.